MARY E. GORDON *vs.* JOSEPH BEDARD.

BENAIAH B. GORDON *vs.* SAME.

ALBERT B. GORDON *vs.* SAME.

Essex.    October 17, 1928. — January 2, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Motor vehicle, Violation of statute. *Motor Vehicle,* Permitting operation by improper person. *Witness,* Cross-examination. *Evidence,* Presumptions and burden of proof. *Proximate Cause.*

At the trial of an action of tort for personal injuries and damage to an automobile owned by the plaintiff, based upon a violation by the defendant of G. L. c. 90, § 12, as amended by St. 1923, c. 464, § 5, forbidding one owning or controlling a motor vehicle to permit its opera-

tion by a person not having the legal right so to do, there was evidence that negligence of the defendant's son in operating a motor truck owned by the defendant caused a collision between it and the plaintiff's automobile; and that the defendant knew his son had no license to operate the truck. There was no evidence that the son was the agent of the defendant in operating the truck. The defendant and his son were called as witnesses by the plaintiff, and their testimony was uncontradicted. The defendant testified that he saw his son walk toward the truck standing in a shed on the defendant's property and drive it away, and that he forbade his son to use it. The son also testified that the defendant called to him not to use the truck. The trial judge denied a motion by the defendant that a verdict be ordered in his favor. *Held*, that

(1) The plaintiff was not bound by the testimony of the defendant and his son; the jury might believe parts of such testimony and disbelieve other parts, and properly might find on the evidence that the defendant allowed his son to take the truck;

(2) Violation of the statute was evidence of negligence for which the defendant could be held liable if it was the proximate cause of the accident;

(3) The accident was not as a matter of law a remote result of the violation of the statute by the defendant, and a finding was warranted that the defendant reasonably should have anticipated the likelihood of negligent operation of the truck by the son;

(4) The defendant's motion properly was denied.

THREE ACTIONS OF TORT. Writs dated November 21, 1924.

The actions were tried together in the Superior Court before *Cox*, J. The declaration, as amended, and material evidence are described in the opinion. At the close of the plaintiffs' evidence, the defendant rested and presented a motion in each action that a verdict be ordered in his favor on each count of the declaration. The motion was allowed as to the first count in each action and was denied as to the second count. There were verdicts for the plaintiffs in the sums of $1,092, $577 and $25, respectively. The defendant alleged exceptions to such denial.

The case was argued at the bar in October, 1928, before *Crosby, Pierce, Carroll, Wait, & Sanderson*, JJ., and afterwards was submitted on briefs to all the justices excepting *Braley*, J.

*A. E. Bent*, (*W. I. Badger* with him,) for the defendant.

*H. A. Cregg & M. A. Cregg*, for the plaintiffs, submitted a brief.

SANDERSON, J. These are actions of tort to recover for personal injuries and property damage arising out of a collision of motor vehicles — one a truck owned by the defendant and operated by his son; the other an automobile operated by the plaintiff Benaiah B. Gordon, who was accompanied by his wife, Mary E. Gordon, and son, Albert B. Gordon, the plaintiffs respectively in the other two actions. The first count of each declaration as amended was based upon negligence of the defendant's agent or servant; and the second count upon the violation of G. L. c. 90, § 12, as amended by St. 1923, c. 464, § 5, which in part is in the following terms: "No person shall allow a motor vehicle owned by him or under his control to be operated by any person who has no legal right so to do, or in violation of this chapter."

There was evidence warranting the submission to the jury of the questions of the plaintiffs' due care and of the negligence of the operator of the truck. A verdict was directed for the defendant on the counts based upon agency and the only question raised by the exceptions is the liability of the defendant, if any, because of violation of the statute quoted. The count based upon the statute alleged in substance that the defendant permitted his son to operate his truck on a highway, the son having no legal right at the time so to do, and as a result thereof the truck was negligently propelled against an automobile owned and driven by one of the plaintiffs and caused the damage complained of.

The defendant and his son were called as witnesses by the plaintiffs. The defendant testified that he saw his son walking toward the truck standing in the shed and forbade him to take it; that he saw him drive it out of the yard. The son testified that as he was going toward the truck the defendant told him not to use it and called to him to leave it as he was driving it out of the yard, but notwithstanding this order the son took it and drove it away. The defendant knew that the son's license had been taken away some years before for driving under the influence of liquor and that it had never been returned.

The defendant contends that the plaintiffs are bound by

the uncontradicted testimony of the defendant and his son to the effect that the defendant forbade his son to operate this motor vehicle. A party putting in answers to interrogatories made by the opposing party is bound by the answers if there is no evidence tending to contradict them. *Minihan* v. *Boston Elevated Railway,* 197 Mass. 367, 373. *Washburn* v. *R. F. Owens Co.* 258 Mass. 446. This rule is apparently based upon the statutory rights of a party in regard to the introduction in evidence of such answers. G. L. c. 231, § 89. But the rule does not apply to the testimony of a party when he is called by his opponent to testify, and when so called the jury may believe as much of his testimony as is in the nature of an admission and disbelieve such portions of it as are favorable to himself. *Emerson* v. *Wark,* 185 Mass. 427. *Anderson* v. *Middlebrook,* 202 Mass. 506, 508, 509. *Ramsay* v. *LeBow,* 220 Mass. 227. *Sullivan* v. *Ashfield,* 227 Mass. 24. *McCarthy* v. *Simon,* 247 Mass. 514. *Priorelli* v. *Guidi,* 251 Mass. 449, 450. *Klayman* v. *Silberstein,* 252 Mass. 275. If the defendant's orders forbidding his son to take the truck are eliminated from the case, as they were by the jury's verdict, the circumstances to which the witnesses testified were sufficient to justify the jury in finding that the defendant allowed the son to take the motor vehicle. An owner may allow his motor vehicle to be operated without expressing his permission in words. Upon the evidence the jury could find that the defendant violated the statute upon which this count was based.

But the question remains whether, upon a finding to that effect, the defendant could be liable in an action of tort for the results of the negligence of the son who, upon the rulings of the court, was not, and upon the evidence could not have been found to be, acting as the defendant's agent at the time. Violation of a criminal statute is evidence of negligence, but in order to be a basis of liability there must be a causal connection between the violation and the accident or injury. The question, whether the defendant's liability could be based upon the statute above quoted, was left undecided in *Conant* v. *Constantin,* 247 Mass. 76, 80. The causal connection is broken if between the defendant's

negligent act and the plaintiff's injury "there has intervened the negligence of a third person who had full control of the situation and whose negligence was such as the defendant was not bound to anticipate and could not be said to have contemplated, which later negligence resulted directly in the injury to the plaintiff." *Ladd* v. *New York, New Haven & Hartford Railroad,* 193 Mass. 359, 363. But the "earlier negligence may be found to be the direct and proximate cause of those injurious consequences, if according to human experience and in the natural and ordinary course of events the defendant ought to have seen that the intervening act was likely to happen." *Horan* v. *Watertown,* 217 Mass. 185, 186.

"When it is said that the cause to be sought is the direct and proximate cause, it is not meant that the cause or agency which is nearest in time or place to the result is necessarily to be chosen. . . . The active efficient cause that sets in motion a train of events which brings about a result without the intervention of any force started and working actively from a new and independent source is the direct and proximate cause referred to in the cases." *Lynn Gas & Electric Co.* v. *Meriden Fire Ins. Co.* 158 Mass. 570, 575.

The defendant's wrongful act in allowing his son to operate the truck continued to be an active force at every instant of time when the son was operating it. Because of that permission the son was placed where he could cause the injuries to the plaintiffs.

The statute was passed to make the roads more safe and convenient for travellers by preventing unlicensed persons from operating motor vehicles thereon. The purpose of licensing operators of automobiles is to make it reasonably certain that the licensee is qualified for the task and a proper person to be licensed. G. L. c. 90, §§ 8, 10. Negligent operation of an automobile endangering the safety of other travellers is likely to follow if an unlicensed person is given complete control of its operation. The defendant knew that his son had lost his license because he had violated the conditions under which it was granted. Upon all the evidence it was for the jury to say whether the father should

have anticipated or foreseen that if this son operated the truck it was reasonably probable that he would so negligently operate it that other travellers would be endangered. *Dalton* v. *Great Atlantic & Pacific Tea Co.* 241 Mass. 400, 403.

The defendant cannot be relieved of responsibility as matter of law when the jury could properly find that his own violation of law was the cause of his son's being in a position to cause the damage by his negligent act, and that such negligence should reasonably have been anticipated as likely to occur. *Stone* v. *Boston & Albany Railroad,* 171 Mass. 536, 539. The injury caused by the son's negligent act was not so remote that as matter of law the defendant was relieved from liability. In our opinion the evidence presented a jury issue.

*Exceptions overruled.*