### EDWARD I. FALK *vs.* NATHAN S. FINKELMAN.

Suffolk.   February 8, 1929. — September 30, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Motor vehicle, In use of way, Violation of ordinance, Proximate cause.   *Proximate Cause.*

At the trial of an action of tort for personal injuries, there was evidence that the defendant had parked his automobile on a public way in violation of a municipal ordinance; that he knew that, because of an excavation of dirt on the other side of the street, the automobile was parked in a dangerous place; that, having observed fire apparatus go by, he expected other apparatus and, although he could have removed his automobile, did not do so; that other apparatus did come and the driver of one engine lost control, collided with another, the defendant's automobile was run into and was driven upon the sidewalk and against the plaintiff.   There was a verdict for the plaintiff.   *Held,* that,
   (1) The unlawful occupation of the street by the defendant's automobile was simply a condition and not a contributing cause of the accident;
   (2) A verdict was ordered for the defendant under G. L. c. 231, § 122.

TORT for personal injuries.   Writ dated March 17, 1926.

In the Superior Court, the action was tried before *McLaughlin*, J.   Material evidence is stated in the opinion. The defendant moved that a verdict be ordered in his favor.   The motion was denied.   There was a verdict for the plaintiff in the sum of $25,000.   The defendant alleged exceptions.

*E. J. Sullivan*, for the defendant.

*G. I. Cohen*, for the plaintiff.

PIERCE, J.   This is an action of tort for personal injuries. It was tried with two other cases, one against one Fred Menard, the other against one Thomas F. Sexton, involving the negligence of two members of the Revere fire department arising out of the same accident.   The jury returned a verdict in favor of the plaintiff against each defendant.   At the close of the evidence material upon the question of liability, the defendant presented a request in writing that upon all the evidence the court direct a verdict

for the defendant. This motion, "in no wise directed to the form of the pleading," was denied and the defendant's exception saved.

The evidence introduced in its aspect most favorable to the plaintiff tended to establish that on October 8, 1925, the defendant's automobile was parked on the southerly side of Shirley Avenue a short distance from a hydrant near the corner of said street and North Shore Road in the city of Revere; that there was an ordinance of the city of Revere which prohibited the parking of automobiles on Shirley Avenue for more than twenty minutes or after being told by a police officer to move; that a police officer of Revere, a half hour before the occurrence of the plaintiff's accident, told the defendant to remove his automobile; that the defendant's automobile had been so parked for a period considerably in excess of twenty minutes up to and including the time of the accident; that on the northerly side of Shirley Avenue directly opposite the drug store on the corner, in front of which the defendant's car was parked, there was a pile of dirt, thrown from an excavation in the sidewalk, extending out eight feet from the curb; that Shirley Avenue is thirty-one feet in width at about the place of the accident; that the width of "Engine 2" was about seven feet, that of "Combination C" is about six feet and that of the defendant's car five feet; that at about 12:50 P.M. on said date, while the plaintiff was standing on the southerly sidewalk of Shirley Avenue near the defendant's automobile, the aforementioned pieces of fire apparatus of the city of Revere, "Combination C" coming down North Shore Road and "Engine 2" travelling on Shirley Avenue, collided in the intersection of said streets; and that "Engine 2" collided with the defendant's parked car, pushed it forward ten or fifteen feet up on the sidewalk, where it struck the plaintiff with the result that he was severely injured and suffered the loss of his left leg.

The testimony of the defendant established that he was the owner of the automobile in question, that he placed it himself in the position it occupied at the time of the accident; and it tended to prove that he did not know at that

time that he was not permitted to park the automobile more than twenty minutes on Shirley Avenue, that no such requirement had been brought to his attention, and that he had not been told on that day to move his car by a police officer. His testimony further established that he saw the pile of dirt opposite the drug store at the time he parked his car, that he knew that it narrowed the traffic part of the way and knew that parking his automobile opposite the pile of dirt would narrow it still more. He testified in substance that he did not know that the fire was in his vicinity until a few minutes before the accident when he saw the "Walden Street Engine" coming along; that he did not know that other apparatus would follow "although he kind of thought there would be"; that in a way he expected other apparatus would go down Shirley Avenue toward the beach; that he made no attempt to remove his automobile although he expected other fire apparatus; that at the moment of the accident he was right on the corner of North Shore Road and Shirley Avenue; that he had come out of the drug store just a second before the accident; that he had seen the plaintiff about a minute or so previously when he was with him; that when he came out from the drug store he saw the plaintiff standing at "about the center of the car"; that after coming out he stood a minute or two on the sidewalk and during that time made no attempt to remove his automobile; that he could have moved his automobile in this time easily enough; that when the "Walden Street Engine" came along he said to the plaintiff "Let's get off the street onto the sidewalk," that he was on the street then and afraid he was going to be hit by the fire engines, and he said to the plaintiff that they should get off the street and get on to the sidewalk; that it might be dangerous to be anywhere in the street and might be dangerous if he was in front of his own automobile.

Assuming in favor of the plaintiff that the ordinance of the city of Revere was legally adopted and was in force at the time of the accident, that the defendant had parked his car on Shirley Avenue in violation of the ordinance for

more than twenty minutes, that the collision of "Engine 2" with the automobile occurred after the expiration of twenty minutes, that the defendant had knowledge that his car was parked in a dangerous place and that after the Walden Street fire engine went by he could have removed his car in time to have avoided the accident, the question for our decision on the motion for a directed verdict is, Could the defendant's unlawful occupation of the parking space on Shirley Avenue rightly have been found to be a contributing, efficient cause or was it merely a condition which made possible the plaintiff's injury? *Newcomb* v. *Boston Protective Department,* 146 Mass. 596.

It is settled that a violation of a penal law (ordinance or by-law) at the time of an accident by one connected with it is evidence of his negligence, but not conclusive. *Hanlon* v. *South Boston Horse Railroad,* 129 Mass. 310. Upon the facts disclosed by the record, it is obvious the defendant's violation of the ordinance was not an effective and contributing cause of the injury unless in accordance with the usual experience of mankind the result of that violation of law ought to have been foreseen and apprehended. One is bound to anticipate and provide against what usually happens and what is likely to happen, but is not bound in like manner to guard against what is unusual and unlikely to happen, or what, as is sometimes said, is only remotely and slightly probable. *Stone* v. *Boston & Albany Railroad,* 171 Mass. 536, 541. *Horan* v. *Watertown,* 217 Mass. 185. *Slater* v. *T. C. Baker Co.* 261 Mass. 424. *Gordon* v. *Bedard,* 265 Mass. 408, 411, 412. Tried by this test the defendant should not be held to have been negligent in not anticipating that an alarm of fire in the vicinity would bring the fire apparatus upon Shirley Avenue, and that in passing the defendant's car the driver of one engine would lose control of his engine, collide with another, and from the force of that impact be cast against the defendant's automobile with force to drive it up on the sidewalk and against any person or thing then thereon. The defendant violated no legal duty owed the plaintiff. The unlawful occupation of the street by the defendant's

car was simply a condition and not a contributing cause of the accident. The defendant's motion for a directed verdict should have been allowed. The exceptions of the defendant are sustained and a verdict for the defendant may be entered under G. L. c. 231, § 122.

In the view here taken the exceptions taken by the defendant on his motion for a new trial become immaterial and they are overruled without consideration of their merit or otherwise.

*Judgment for defendant.*