PAUL MILBURY *vs.* TURNER CENTRE SYSTEM.

Essex.    November 10, 1930. — January 29, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Negligence,* Violation of ordinance, In use of way, Proximate cause, Contributory, Of child.    *Proximate Cause.*

At the trial of an action of tort for personal injuries sustained by a boy five years of age, there was evidence that the defendant parked a truck, fifteen to eighteen feet long with a hood six feet long and a solid body seven feet wide and eleven feet high, on the right hand side of a street in a city containing street car tracks, in such a manner that its front end was within three to five feet of the rounded curb of a street intersecting the first street from the right of the truck, projected three to five feet beyond the nearer line of the sidewalk of the intersecting street produced to the curb of the first street, and left less than three feet of clear roadway to the street car tracks on its left; that the truck was parked from five to seven feet nearer the corner of the intersecting street than was permitted by an ordinance of the city; that the plaintiff, to cross the first street from where the truck was parked to where his father was on the opposite side, passed about a foot in front of the truck at a gait faster than a walk, but not running; that his father shouted a warning just as he was passing the outer line of the truck; that he hesitated, turned to look to his left and was struck by an automobile approaching from his left at about

twelve miles an hour about two feet from the truck; and that the operator of the automobile did not know of the existence of the intersecting street and did not see the plaintiff until the automobile was about abreast of the truck, which obstructed his view toward the intersecting street. *Held*, that

(1) The defendant's violation of the ordinance was evidence of negligence on his part;

(2) In the circumstances, a finding was warranted that there was a causal connection between such violation and the plaintiff's injury;

(3) It could not properly have been ruled as a matter of law that the plaintiff failed to exercise the care reasonably to be expected of one his age;

(4) A verdict for the plaintiff was warranted.

TORT. Writ dated September 4, 1926.

Material evidence at the trial in the Superior Court before *Collins*, J., is stated in the opinion. The judge ordered a verdict for the defendant and reported the action for determination by this court, judgment to be entered for the defendant on the verdict if the ruling was right; otherwise, judgment for the plaintiff in the sum of $1,500.

*J. W. Sullivan & J. F. Doyle*, for the plaintiff, submitted a brief.

*C. C. Peterson*, for the defendant.

WAIT, J. The plaintiff, a boy five years of age, was hit and injured by an automobile as he was crossing Boston Street, in Lynn, at its junction with Cedar Street. He brings this action against the owner of another automobile which was parked on Boston Street at a point nearer Cedar Street than was permitted by the ordinances of Lynn, and he contends that such parking was negligence which contributed to cause his injury and for which the defendant is responsible to him.

The following facts are substantially undisputed: Boston Street runs practically east and west. Cedar Street enters it from the north but not at right angles, and does not cross it. There is a store on the easterly corner of Cedar Street. A servant of the defendant halted its truck beside the curbing before the store and left it in Boston Street heading westward with its front end projecting three to five feet beyond the easterly line of the sidewalk of Cedar Street produced to the curb of

the sidewalk of Boston Street, and within about three to five feet from the rounded corners of the curbs. He went into the store on business for the defendant some six or seven minutes before the accident and remained until after it occurred. An ordinance of Lynn legally in effect provided that: "No owner or operator of any vehicle or street car shall stop or stand the same within the intersection of any street, nor within ten feet of a street corner." There is a fine penalty for violation. The position of the truck violated this ordinance. The truck was fifteen to eighteen feet long. The hood extended about six feet back to the cab which was roofed. Its sides were built up, closed in, covered by a wooden roof, and stood ten or eleven feet above the sidewalk. It was seven feet wide, and as it stood left about two feet nine inches of clear roadway to the nearest car rail in Boston Street. The plaintiff, who had been with other boys on the sidewalk of Cedar Street near the corner, saw his father standing on the opposite side of Boston Street and started across to him. He faced west and was going a little faster than a walk, but was not running. He passed about a foot in front of the truck in Boston Street, and was about a foot beyond the line of its outer side when he was struck by the right hand front mudguard and wheel of an automobile approaching from the east. Just as he was about a step beyond the truck, his father shouted a warning. He seemed to hesitate, turned to look to his left and was hit. The automobile was going at about twelve miles per hour. The driver did not know of the existence of Cedar Street. His view along Boston Street and toward Cedar Street was obstructed by the truck. He did not see the boy leave the sidewalk or pass in front of the truck, nor until his automobile was practically abreast of the front of the truck. He had turned somewhat to his right as he was passing the truck because of traffic approaching from the west, and was about two feet from it. The trial judge directed a verdict for the defendant, and reported the case to this court with a stipulation in regard to judgment.

The plaintiff contends that the case should have been submitted to the jury; and argues that the admitted violation of the ordinance was evidence of negligence which could be found to have been a proximate contributing cause of the accident; and that the judge could not properly rule, as matter of law, that contributory negligence by the plaintiff had been established.

It is the law that a violation of a statute or ordinance is evidence of negligence. We need cite only a few of the decisions. *Wright* v. *Malden & Melrose Railroad,* 4 Allen, 283, 290. *McDonald* v. *Snelling,* 14 Allen, 290. *Berdos* v. *Tremont & Suffolk Mills,* 209 Mass. 489. *Gordon* v. *Bedard,* 265 Mass. 408. *Guinan* v. *Famous Players–Lasky Corp.* 267 Mass. 501. *Rea* v. *Checker Taxi Co.* 272 Mass. 510. Equally clearly, it is established that such evidence does not make out actionable negligence, unless the violation can be shown to have been actually a proximate cause contributing to the injury suffered. *Newcomb* v. *Boston Protective Department,* 146 Mass. 596. *Falk* v. *Finkelman,* 268 Mass. 524. If there was evidence which would sustain a verdict against the defendant for negligence, then, whether that negligence arose simply from the violation of a legal requirement or from other negligent conduct, the plaintiff was entitled to have the jury pass upon the issue, unless the negligent act bore no causal connection with the accident, or unless his own lack of due care contributed to his injury.

If other happenings cause or contribute toward the injury or intervene between the violation and the injury, as was said in *McDonald* v. *Snelling,* 14 Allen, 290, 296, " It is clear from numerous authorities that the mere circumstance that there have intervened, between the wrongful cause and the injurious consequence, acts produced by the volition of animals or of human beings, does not necessarily make the result so remote that no action can be maintained. The test is to be found, not in the number of intervening events or agents, but in their character, and in the natural and probable connection between the wrong done and the injurious conse-

quence. So long as it affirmatively appears that the mischief is attributable to the negligence as a result which might reasonably have been foreseen as probable, the legal liability continues." Foster, J., stated, further, at page 295: "This is not an impracticable or unlimited sphere of accountability, extending indefinitely to all possible contingent consequences. An action can be maintained only where there is shown to be, first, a misfeasance or negligence in some particular as to which there was a duty towards the party injured or the community generally; and, secondly, where it is apparent that the harm to the person or property of another which has actually ensued was reasonably likely to ensue from the act or omission complained of." A duty to the plaintiff as one of the community was created by the ordinance. The general rule of civil liability for infractions of a penal statute is stated in *Berdos* v. *Tremont & Suffolk Mills,* 209 Mass. 489, at page 492: ". . . a violation of a duty created by statute, resulting in damage to one of the class for whose benefit the duty was established, confers a right of action upon the injured person . . . It is not enough for a plaintiff to prove a violation of a statute concurrent with his injury, but he must go further and show that a condition to which the statute directly relates has a causal connection with his injury."

In the case before us the ordinance related directly to the safety of persons using and passing street corners and sought to keep them clear in order that those using either the sidewalk or the way for vehicles might see the existing traffic in an intersecting street as well as in the way that they were using and act with full knowledge of conditions in the ways so that a violation would indicate negligent conduct. A jury could find that leaving a solid truck ten or eleven feet high close to a corner, cutting off the view of an intersecting street and with the hood blocking from three to five feet of the space generally used as the sidewalk and approach to the street crossing, was a negligent act. The case differs from *Falk* v. *Finkelman, supra.* There the parking of the defendant's auto-

mobile at the curb was an innocent act, bare of negligence. Allowing it to remain there beyond twenty minutes, in ignorance of the ordinance forbidding parking for a longer time, although it subjected the owner to punishment, had nothing to do with the collision of fire apparatus or with causing the injury for which recovery was sought. In *Rea* v. *Checker Taxi Co., supra,* on the other hand, knowing violation of the one-way street ordinance placed the automobile where a collision could occur, one of the very things which the ordinance sought to prevent. It could be found to be negligence directly contributing to the accident. A collision might well be found to be not something unusual and unlikely to happen as a result of such blocking of a corner as here took place — something only remotely and slightly probable — but, rather, a consequence naturally to be expected.

Whether the plaintiff failed to use the care of one of his age and experience was, we think, for the jury. No serious contention was made that he was not of sufficient judgment to be alone upon the street. Certainly his conduct did not measure up to the care to be demanded of an adult. *Sullivan* v. *Chadwick,* 236 Mass. 130. The law does not require that it should. He was bound to use the care of a prudent boy of his age and experience. Seeing his father in position to warn him, he faced to the right, turning his gaze to the left practically as soon as he could see anything in the street approaching from the left; a jury might think that he exercised due care. It was matter of fact rather than of law.

The case at bar falls within the class illustrated by *Lane* v. *Atlantic Works,* 111 Mass. 136, *Berdos* v. *Tremont & Suffolk Mills, supra, Burke* v. *Hodge,* 217 Mass. 182, *Leahy* v. *Standard Oil Co. of New York,* 224 Mass. 352, *Dalton* v. *Great Atlantic & Pacific Tea Co.* 241 Mass. 400, *Gordon* v. *Bedard, supra, Teasdale* v. *Beacon Oil Co.* 266 Mass. 25, *Guinan* v. *Famous Players–Lasky Corp., supra, Rea* v. *Checker Taxi Co., supra,* rather than that illustrated by *Tutein* v. *Hurley,* 98 Mass. 211, *Newcomb* v. *Boston Protective Department, supra, Stone* v. *Boston & Albany*

*Railroad,* 171 Mass. 536, *Glassey* v. *Worcester Consolidated Street Railway,* 185 Mass. 315, *Jacobs* v. *New York, New Haven & Hartford Railroad,* 212 Mass. 96, and *Falk* v. *Finkelman, supra.*

It follows that, pursuant to the stipulation, the plaintiff is to have judgment entered in the sum stated.

*So ordered.*