DOROTHY A. STOWE *vs.* SAM A. MASON, SECOND.

SAME *vs.* UNION FREIGHT RAILROAD COMPANY.

Suffolk.    January 9, 1935. — February 26, 1935.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence,* Motor vehicle, In use of way, Gross, Guest, Imputed, Contributory, Violation of street regulation, Proximate cause. *Practice, Civil,* Exceptions: whether error harmful. *Nuisance. Trespass.*

A finding, that the defendant was guilty of gross negligence, was warranted on all the evidence at the trial of an action against the operator of an automobile for personal injuries sustained by one riding as a guest in the automobile when it, while proceeding northerly on a public way at night, collided with great force with a freight car standing on the westerly of double railroad tracks located in the middle of the way beneath a structure carrying elevated street railway tracks, including evidence that the defendant, while under the influence of intoxicating liquor, drove the automobile onto the railroad tracks, where, he knew, the surface of the way was rough and irregular; that he continued on the tracks at a fast rate of speed, zigzagging from side to side; that he saw the car when two hundred feet from it; that, when about twenty-five feet from the car, he turned the automobile to the left from the easterly tracks onto the westerly tracks; that although he thereafter turned to the right again, the collision occurred; and that he did not reduce speed until just before the collision.

There being evidence at the trial above described that the plaintiff was not under the influence of intoxicating liquor; that the collision occurred a few minutes after the journey commenced; that the plaintiff did not observe any condition or conduct on the part of the defendant which would cause alarm until a few seconds before the col-

lision, during which he had no opportunity to leave the automobile; and that he warned the defendant promptly of the danger of his conduct, a ruling was not required as a matter of law that the plaintiff had abandoned all care of himself to the defendant or that the plaintiff was guilty of contributory negligence.

Even if a report made by the defendant to the registrar of motor vehicles was inadmissible at the trial above described, an exception by the defendant to its admission must be overruled where it appeared that the statements in the report were in substance the same as those made by the defendant in his testimony at the trial: no prejuaice to the defendant was shown.

With the action above described was tried an action by the same plaintiff against the railroad corporation which owned the freight car, and it appeared that the defendant corporation had a valid location in the way and had the right in general to have freight cars on its tracks. *Held,* that, although the car with which the automobile collided projected into the intersection of the way in question and another way in violation of regulations of the street commissioners of the municipality and although the trial judge ruled that permitting the car to stand in the intersection constituted a nuisance and trespass, rulings that the presence of the car there was a proximate cause of the collision and that the defendant corporation was liable were not required as a matter of law; findings that the conduct of the defendant operator was the sole cause of the collision and that the presence of the car in the intersection was a mere condition thereof, and a finding for the defendant corporation, were warranted.

Two ACTIONS OF TORT. Writ in the first action dated December 24, 1932. Writ in the second action in the Municipal Court of the City of Boston dated February 28, 1933.

Upon removal of the second action to the Superior Court, the actions were heard together by *Donnelly,* J., without a jury. Material evidence is stated in the opinion. The judge found for the plaintiff in the first action in the sum of $40,000, and for the defendant in the second action. The defendant alleged exceptions in the first action, and both parties alleged exceptions in the second action.

*S. Abrams,* (*F. P. Ryan & N. F. Fermoyle* with him,) for the defendant Mason.

*R. J. Cotter & R. J. Walsh,* for the plaintiff.

*E. J. Phillips,* for the defendant Union Freight Railroad Company.

QUA, J. On September 10, 1932, between 11 P.M. and 12 midnight, the plaintiff was one of five passengers in an

automobile owned and driven by the defendant Mason on Atlantic Avenue in Boston. The entire party, including Mason, consisted of three men and three women. They had just left the "Show Boat," which appears to have been an establishment where dancing was enjoyed and drinks were served. Atlantic Avenue, a main thoroughfare in the business part of the city, runs north and south and is seventy-eight feet wide between curbstones. In Atlantic Avenue is a structure supported upon columns in the travelled part of the way which carries elevated tracks of the Boston Elevated Railway. There was evidence that the clear space between the columns and under the elevated structure was twenty-two feet in width. In this space beneath the structure and at the level of the street surface were located two tracks of the defendant Union Freight Railroad Company. On the more westerly of these tracks in Atlantic Avenue there was standing at the time of the accident out of which these actions arise a string of four freight cars in the control of the defendant railroad corporation. There was evidence that the most southerly of these cars projected across the northerly part of Central Street, a way which intersected Atlantic Avenue at or near the place of the accident. Mason was driving northerly on Atlantic Avenue. The accident occurred as the result of the Mason automobile striking the train which was standing on the tracks of the defendant railroad corporation. The plaintiff, who was riding with three others in the rear seat, was seriously injured.

The cases were heard together by a judge of the Superior Court without jury and resulted in a finding for the plaintiff against the defendant Mason in the sum of $40,000 and a finding for the defendant Union Freight Railroad Company. All three parties claim that there was error and have joined in a consolidated bill of exceptions.

1. As the plaintiff was riding in Mason's automobile as a guest, we first deal with the question whether there was evidence to support a finding, necessary under our decisions to the plaintiff's recovery against Mason, that Mason's gross negligence caused the accident. If the judge

believed the evidence most favorable to the plaintiff and rejected evidence to the contrary, he could have found the following facts: Mason, driving his automobile on the right hand side of Atlantic Avenue outside the elevated structure at a speed of forty to forty-five miles an hour, passed on the right another automobile which was proceeding in the same direction under the structure and then "swung in" between the elevated uprights in front of the other automobile on to the tracks of the Union Freight Railroad Company. Mason's automobile, continuing at the same or a greater rate of speed, "was going from one side of the street to the other in a kind of zigzag fashion" and continued to zigzag on both of the center rails (or according to the plaintiff's testimony "practically from the right hand to the left hand of the roadway" under the structure) until it came within a car and a half length of the most southerly freight car, when "all of a sudden" it turned sharply to the right and then sharply to the left and then a little to the right, and the left rear end of the automobile struck the southeast corner of the first (i.e., most southerly) freight car, broke off the iron stirrup or step at the corner of the car (which after the accident was found eighty-nine feet away in a northerly direction), ploughed along the side of that first car and finally wedged under the first and second cars near their point of coupling so firmly that a locomotive had to be used to pull it free. The freight cars were clearly illuminated by a street light. Mason (by his own admission) saw them when he was two hundred feet away. Just before the accident there had been some bickering among the members of the party, and something had been said about "walking home." While the automobile kept gaining speed, Mason looked over his shoulder at one of the passengers on the rear seat and said, "Who is walking home?" The automobile swung a little. As Mason turned, the plaintiff shouted to him, "Sam, watch out!" He turned and went on the left hand tracks, and the lights shone on the car, which was twenty-five feet away. The automobile turned slightly to the right. The plaintiff threw up her hands and "that's all she knew."

In addition to the foregoing there was much evidence that various members of the party had been drinking and that when taken to a hospital immediately after the accident, Mason was under the influence of liquor; that he "could walk all right, but was a little unsteady"; that his talk was "rather thick." Mason testified that he had been over Atlantic Avenue before both day and night and "knew the lie" of the tracks under the elevated structure; that he knew the surface of the avenue was rough and irregular; that when he saw the freight car two hundred feet away in plain sight there was no reason, if he kept his course, why he should fear any contact with it; that he slipped into the rails (of the easterly or right hand track) about twenty feet from the freight car "and then he deliberately, that is, not by accident, and knowing what he was doing, turned off, to the left"; that he did not slow down from the time he saw the freight car two hundred feet away until just before the accident. Mason contended that the accident resulted from getting caught in the tracks and trying to get out, but the judge could refuse to accept this theory as an adequate explanation of what happened. We think there was evidence of gross negligence as that term is defined in *Altman* v. *Aronson,* 231 Mass. 588. *Learned* v. *Hawthorne,* 269 Mass. 554. *Meeney* v. *Doyle,* 276 Mass. 218. *Green* v. *Hoffarth,* 277 Mass. 508. *Caldbeck* v. *Flint,* 281 Mass. 360. *Crowley* v. *Fisher,* 284 Mass. 205.

The defendant Mason places much reliance upon *Richards* v. *Donohue,* 285 Mass. 19, but we think that case is distinguishable. There was in that case no evidence that the defendant was under the influence of liquor. That accident happened, apparently, in a sparsely settled district, not in a business section in a street encumbered with the posts of an elevated railway with the space between them partly filled with cars. The evidence in that case tended to show a negligent error of judgment in passing another automobile on a curve rather than that crass indifference to duty which constitutes gross negligence.

2. There is nothing in the evidence which compelled the

judge to rule as matter of law, against the burden of proof, that the plaintiff abandoned all care for herself to the care of the driver or that she was guilty of contributory negligence of any kind. Since leaving the "Show Boat" the party had proceeded for only a few minutes when the accident occurred. It could be found that the plaintiff herself was not under the influence of liquor, and that she did not know of any condition or conduct on the defendant's part which would cause alarm until after they had passed Rowe's Wharf about eight hundred feet from the point of collision, and that in the few seconds which then intervened before the collision the plaintiff had no opportunity to get out of the automobile, and that she warned the driver as promptly as the ordinarily prudent passenger could be expected to do. *O'Connell* v. *McKeown*, 270 Mass. 432. *Caldbeck* v. *Flint*, 281 Mass. 360.

3. The judge admitted in evidence the report made by the defendant Mason to the registrar of motor vehicles under G. L. (Ter. Ed.) c. 90, § 26. In *Gerry* v. *Worcester Consolidated Street Railway*, 248 Mass. 559, this court held that it was error to admit a report to the Industrial Accident Board under G. L. c. 152, § 19. We do not find it necessary to decide whether the reasons which resulted in the exclusion of the report in the *Gerry* case also apply to the report in this case, for after a careful examination of the report itself we are convinced that if there was any error in admitting it, the error was not harmful to Mason. The report contains nothing of a prejudicial nature differing in any substantial respect from the testimony which Mason himself gave on the witness stand, except that the sketch annexed by him to the report shows certain of the freight cars as standing on a curve in the track leading into Central Street. This sketch, however, shows the point of collision with the car as being on Atlantic Avenue in accordance with his testimony and all the other evidence and not on Central Street. The difference between the sketch and Mason's testimony relates to a matter too remote from the causes of the accident and too trivial to have affected the finding in any event. G. L. (Ter. Ed.) c. 231, § 132. *Pendleton* v. *Boston Elevated Railway*, 266 Mass. 214, 218.

4. The judge was not compelled to rule as matter of law that the defendant Union Freight Railroad Company was liable, even though he may have found that the car which Mason struck first projected across the entrance from Atlantic Avenue into Central Street in violation of regulations of the board of street commissioners, and even though the plaintiff may have been in the exercise of due care. It is not disputed that the defendant railroad corporation had a valid location in Atlantic Avenue and a right in general to have freight cars on its tracks. It has long been settled · that where a vehicle is rightfully upon a public way, but is for the time being in a position thereon which is in violation of some ordinance or binding regulation, its presence in the forbidden spot is not commonly as matter of law a proximate cause of a collision. It may be only a circumstance and not a cause, and the question is generally one of fact. *Newcomb* v. *Boston Protective Department*, 146 Mass. 596, 604. *Falk* v. *Finkelman*, 268 Mass. 524. *Wall* v. *King*, 280 Mass. 577, and cases cited. Violation of law is regarded as a cause of injury only where the unlawful or forbidden element in the conduct complained of, rather than that conduct viewed as a whole, is found to be the cause. *Chase* v. *New York Central & Hudson River Railroad*, 208 Mass. 137. *Berdos* v. *Tremont & Suffolk Mills*, 209 Mass. 489, 499. *Farr* v. *Whitney*, 260 Mass. 193.

In this case the judge might well have found that the accident was caused solely by the negligent driving of Mason and that the only unlawful element in the conduct of the defendant Union Freight Railroad Company (i.e., allowing the cars·to be at one place on the track instead of at another place a short distance away) was not a cause. The case differs from cases such as *LaFucci* v. *Palladino*, 285 Mass. 240, where the unlawful conduct consists in operating an unregistered automobile upon the public ways. The difference is not, as the plaintiff contends, that where the defendant has created a nuisance or has been guilty of a trespass it is any less necessary than in other cases to show a causal connection between the unlawful element in the defendant's conduct and the injury, but rather that in the instance of

the unregistered automobile under our statutes the illegality is not dependent upon particular places, times and methods, but permeates the entire operation of the automobile on the public ways in all its aspects at all times and places. This distinction is made clear in *Chase* v. *New York Central & Hudson River Railroad,* 208 Mass. 137, 158, and in *Bourne* v. *Whitman,* 209 Mass. 155, 171, cited in *LaFucci* v. *Palladino,* 285 Mass. 240.

We are not compelled to any different conclusion on this branch of the case because the judge at the request of the plaintiff and without exception by the defendant railroad corporation instructed himself that permitting cars to stand in the intersection of the ways constituted a nuisance and a trespass. See *Phillips* v. *Director General of Railroads,* 251 Mass. 263, 268. There is nothing in this which touches causation or which bound the case by any rule of law contrary to what has just been stated. The rulings must be construed in relation to the evidence. Although by granting the plaintiff's requests the judge accepted the words "nuisance" and "trespasser" contained in them, he could not have intended to enlarge or to change in any way the illegal element claimed by the plaintiff to exist in this defendant's conduct of which there was evidence at the trial. He left himself free to find that what had been called a trespass and a nuisance was not a cause. That this is true clearly appears when we examine the plaintiff's requests 10, 12 and 13, in refusing which the judge properly declined to rule that the presence of the cars where they were was as matter of law a cause of the accident.

It is unnecessary to discuss in detail other exceptions based upon the denial of various requests for rulings. All were denied properly because, as the judge states, they were "not in accord with facts as found," or because they related only to fragments of the evidence, or because they were inconsistent with the governing principles of law.

The exceptions of the defendant Union Freight Railroad Company have become immaterial and are dismissed, as the finding in favor of that defendant will stand in any event.

In the action of Stowe *v.* Mason the defendant's exceptions are overruled. In the action of Stowe *v.* Union Freight Railroad Company the plaintiff's exceptions are overruled.

*So ordered.*