PAUL THIBAULT *vs.* NICHOLAS ZEO, INC.

Hampden.      September 22, 1938. — November 28, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Negligence,* Violation of law, Motor vehicle, In use of way, Contributory. *Proximate Cause.*

Violation of a city ordinance by the operator of a motor truck in double parking it on a one way street while loading did not preclude him from maintaining an action for injuries caused by negligence of the defendant in colliding with the article which the plaintiff was loading where the evidence did not require a finding that such violation was a cause of the collision.

Evidence of the circumstances of a collision of a motor truck with the end of a long sign which protruded from the rear of another truck upon which it was being loaded by the plaintiff warranted a finding of negligence of the operator of the rear truck and did not require a finding of contributory negligence of the plaintiff.

TORT. Writ in the Superior Court dated June 12, 1934.

A verdict was returned for the plaintiff before *Collins,* J., in the sum of $3,500, of which the plaintiff remitted $1,000. The defendant alleged exceptions.

The case was submitted on briefs.

*J. P. Kirby*, for the defendant.

*H. A. Moran*, for the plaintiff.

Qua, J.    The plaintiff, a "sign erector," sues for personal injuries sustained by him on Bridge Street, a "one-way" street, in Springfield, while he and his helper were loading a large sign upon a rack constructed on the top of the plaintiff's truck for the purpose of transporting such signs.    The only exception is to the refusal of the judge to direct a verdict for the defendant.

At the time of the accident the plaintiff was standing on the front bumper of his truck, which was headed west in the direction of the traffic.    His helper was standing near its rear end.    Each was holding one end of the sign, which was twenty feet long and four feet wide.    As they were holding the sign "in the air" "parallel with the truck" and "almost horizontal with the ground," or according to some of the evidence in a tilted position, and as they were about to raise it to the rack, another truck, driven by an employee of the defendant at a speed of about five miles an hour in the same direction in which the plaintiff's truck was headed, came in contact with the rear end of the sign with the result that the plaintiff was thrown backwards from the bumper of his truck to the ground.    The plaintiff admitted that his truck was "double parked," as there was another automobile between it and the southerly curb.    Such parking was in violation of one or more of the city ordinances.

The plaintiff's violation of law in parking his truck did not require the direction of a verdict against him.    Such violation does not preclude recovery unless it is a cause of the injury.    "The position of a vehicle, which has been struck by another, may or may not have been one of the causes of the striking.    Of course it could not have been struck if it had not been in the place where the blow came.    But this is a statement of an essential condition, and not of a cause of the impact.    The distinction is between that which directly and proximately produces, or helps to produce, a result as an efficient cause, and that which is a necessary condition or attendant circumstance of it."

*Newcomb* v. *Boston Protective Department*, 146 Mass. 596, 604. *Falk* v. *Finkelman*, 268 Mass. 524. *Perry* v. *Stanfield*, 278 Mass. 563, 570–571. *Wall* v. *King*, 280 Mass. 577. *Stowe* v. *Mason*, 289 Mass. 577, 583. *Leveillee* v. *Wright*, 300 Mass. 382, 387–388. See *Baggs* v. *Hirschfield*, 293 Mass. 1. The difference between a case of this kind and cases cited by the defendant such as *Boyd* v. *Ellison*, 248 Mass. 250, *Widronak* v. *Lord*, 269 Mass. 238, *Cook* v. *Crowell*, 273 Mass. 356, and *Potter* v. *Gilmore*, 282 Mass. 49, where injury resulted directly from the operation of a vehicle which was a "trespasser" on the way and whose movement thereon was wholly unlawful in every aspect without regard to particular places, times and methods, is pointed out in *Chase* v. *New York Central & Hudson River Railroad*, 208 Mass. 137, 158, *Bourne* v. *Whitman*, 209 Mass. 155, 171, *Patrican* v. *Garvey*, 287 Mass. 62, *Stowe* v. *Mason*, 289 Mass. 577, 583–584, and *Scranton* v. *Crosby*, 298 Mass. 15. There was ample evidence upon which the jury could find that the plaintiff's violation of law was not a proximate cause of the accident and that the true proximate cause was negligence on the part of the defendant's employee in driving the defendant's truck too near to the sign or in not stopping when the sign was plainly visible ahead of him long enough to enable the plaintiff and his helper to lodge it safely upon the rack.

A verdict could not properly have been directed for the defendant on the ground of contributory negligence of the plaintiff. The jury could find that the loading of the sign had been begun before the defendant's truck arrived in close proximity to the scene of the accident.

*Exceptions overruled.*