Sullivan, J.
In this action of tort the plaintiff seeks damages for personal injuries alleged to have been received while travelling as a pedestrian on the cross-walk at the junction of South Common and Pleasant Streets in Lynn, about 5:15 p. m. December 18, 1937, when she fell over the handle of an automobile jack, which at the time was attached to the defendant’s automobile.
There was evidence that the plaintiff while stepping from the sidewalk at the intersection of South Common and Pleasant Streets, where it was dark, had passed on the cross-walk but eighteen inches when she tripped over the automobile jack which had a handle four or five feet in length; that the said jack was set under the automobile in order that the two tires, purchased by the defendant at Ben’s Tire Shop, would be placed on the wheels; that the defendant had driven his car to a point fifteen feet from the shop and requested that the tires be put on “then and *407 there”; that the defendant shut off his motor before entering the tire shop; that placing the tires on the wheels was part of the service; that the defendant remained in the shop which was fifteen feet away, while the work was being done; that the jack handle extended from under the car over that part of the walk which the plaintiff was travel-ling; that at this point the intersection was dark, though there was a light on the opposite corner of Pleasant Street; that when the defendant came out of the shop after being notified of the accident he found his car on the spot where he placed it, though it was raised about 18 inches from the ground with the jack holding up the car; that the defendant gave no other orders to the tire man as to the manner in which the tires should be placed on his car. There was other evidence that the lighting conditions were fair; that the car was parked within ten feet of the intersection in violation of a City Ordinance of the City of Lynn, which in manner and form is of the following tenor; — “A person driving or controlling a vehicle shall not permit it to stop or stand within the intersection of any street, nor within 50 feet of certain street corners, specifically enumerated in Section 33, Part A, of this Ordinance; nor within 10 feet of all other street corners, all to be measured from the inside sidewalk line; nor on any cross-walk; nor opposite any driveway not exceeding 12 feet in width, except in case of emergency or when directed to do so by a police officer.” The following requests of the defendant were denied without comment. ‘ ‘ 1. The Court is asked to rule as a matter of law, that upon all the evidence and the pleadings in this case, the plaintiff has filed (sic) to prove the allegation set forth in his written declaration. 2. The Court is asked to rule as a matter of law, that upon all the evidence and the pleadings in this case there is no evidence that the defendant had control of his vehicle at the time of this ae *408 cident. 3. The Court is asked to rule as a matter of law and upon all the evidence that the person in control and responsible for the defendant’s vehicle at the time of the alleged accident was not the servant or. agent of the defendant but acting in the capacity of an independent contractor. 4. The Court is asked to rule as a matter of law that the evidence is not sufficient to warrant a finding that the defendant was guilty of any negligent act in causing the alleged injuries to the plaintiff.”
The following requests of the plaintiff were allowed:
“4. There is evidence to warrant the Court in finding that at the time of the accident the defendant was the operator of his own motor vehicle. 5. The court is warranted in finding that the defendant, his agents or servants, was negligent in the manner in which the jack was left attached to the car.”
The trial court found that the defendant parked his automobile less than 10 feet from the junction of Pleasant and South Common Streets, the measurement being made from the inside sidewalk line on South Common Street ;that it was so parked that the handle of the jack, which was four or five feet long, extended from under the automobile out to the cross-walk over which the plaintiff was travelling in the exercise of due care; that the defendant was negligent in parking his car where he did and violated the City Ordinance; that the unlawful use of the place on Pleasant Street was a contributing efficient cause of the plaintiff’s injury; that the defendant ordered the person from whom the tires were bought to place them on his automobile “then and there”; that the defendant should have known it was necessary to use a jack in putting on the new tires and that he should have known because his automobile was parked so close to the cross-walk that any tools, including the jack which at the time was being used, would be close *409 to the cross-walk or probably be on the cross-walk and these were matters that were likely to happen; that though the placing of the jack was not the act of the defendant it was nevertheless the act of his servants or agents for whom he was responsible; that there was a natural and probable connection between the wrong visited on the plaintiff by the defendant and the injuries resulting thereof; that the unlawful parking of the automobile, coupled with the instructions to have the tires put on “then and there” caused a situation which was reasonably likely to happen to one using the cross-walk.
There was a finding for the plaintiff.
In McDermott’s Case, 283 Mass. 74, 76 and cases cited, the court states that, “If the person doing the work is responsible only for the performance of what he agrees to do in the way in which he agrees to do it and is not subject to direction and control as to every detail of the work he is an independent contractor,” but that “On the other hand, if at every moment, with respect to every detail, he is bound to obedience and subject to direction and control, as distinguished from a right of inspection and insistence that the contract be performed ... or a right to designate the work to be done under the contract . . . then he is a servant or employee.”
The test is the right to control rather than the exercise of it.
In Marsh v. Beraldi, 260 Mass. 225, 231 and cases cited the court says that, “The test of the relationship is the location of the power of control. If it rests in the employer, the employed is a servant. If it rests with the employed, he is an independent contractor.”
The defendant’s negligence in so placing his car and ordering the tire man to do the work “then and there” resulted in the plaintiff being injured and he is responsible *410 to the plaintiff for such negligent act and not the tire man. The tire man in the circumstances was a servant of the defendant and not an independent contractor.
In actions of this description the defendant is liable for the natural and probable consequences of his negligent act. With the rear lights of the automobile extinguished the act of leaving the jack in the position described, on a crosswalk that was dark, according to the usual experience of mankind, the result ought to have been apprehended. Falk v. Finkelman, 268 Mass. 524, 527 and cases cited “One is bound to anticipate and provide against what usually happens and what is likely to happen . . . ” Falk v. Finkelman, supra.
It is further contended by the defendant that the violation of City Ordinance was only a condition as distinguished from the efficient cause of the accident.
In Millbury v. Turner Centre System, 274 Mass. 358, 361, it is there stated that “. . .a violation of statute or ordinance is evidence of negligence . . . it is established that such evidence does not make out actionable negligence, unless the violation can be shown to have been actually a proximate cause contributing to the injury suffered.”
The purpose of the ordinance, was to protect pedestrians in using either the sidewalks, the ways, or the cross-walks so that they may see the ebb and flow of traffic to the end that they may have safe passage thereon.
The trial court found that the violation of the ordinance was a proximate cause which contributed to the plaintiff’s injuries and there was a casual connection between the act of the defendant in the violation of the ordinance with the accident.
There was evidence to warrant the findings of the trial court and because of such findings there was no prejudicial error in denying the defendant’s requests complained of, nor was there prejudicial error in allowing the plaintiff’s *411 requests. We have examined the citations presented by the defendant.
There is no prejudicial error apparent on the record. Report dismissed.