ROBERT MATRANGA & another [1] _vs._ WEST END TILE COMPANY, INC.

Suffolk. February 3, 1970. — April 3, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

_Proximate Cause. Way_, Public: parking, coasting. _Practice, Civil_, Ordering verdict. _Limitations, Statute of._

In ruling on a motion for a directed verdict for the defendant upon the plaintiff's opening to the jury at the trial of an action, all the statements made in the opening must be taken as true and be considered in the light most favorable to the plaintiff. [196]

Parking a motor vehicle in violation of the ordinances of a city on a street which had been designated by the city traffic commission as one on which coasting on sleds was permitted and motor vehicles were prohibited and which had signs so indicating, by one who knew or should have known that children would be sledding on the street and parked the vehicle so that all but a narrow portion of the street was obstructed, could have been found to have been a contributing, efficient cause of injury to a boy when the sled on which he was coasting ran into the parked vehicle. [196–197]

A claim for consequential damages, set forth in a separate count by a father admitted as a party plaintiff under G. L. c. 231, § 6A, in his minor son's pending action for damages for personal injuries sustained in an accident, was not barred by the statute of limitations, G. L. c. 260, § 4, although the writ in the action was dated more than two years after the accident. [197]

TORT. Writ in the Municipal Court of the Dorchester District dated August 6, 1964.

---

[1] Salvatore Matranga, father and next friend of the plaintiff Robert Matranga.

Upon removal to the Superior Court the action was tried before *Forte,* J.

*Edward M. Sullivan* for the plaintiffs.

*Philander S. Ratzkoff* for the defendant.

KIRK, J.    This action of tort, begun by writ dated August 6, 1964, is in two counts.    The first count is by the minor plaintiff, through his father and next friend, for personal injuries alleged to have been caused by the negligence of the defendant, its agents or servants.    The second count is by his father for consequential damages for medical and other expenses.    The judge allowed the defendant's motion for directed verdicts after the plaintiffs' opening.    The case is here on the plaintiffs' exceptions.

We summarize the evidence proposed in the plaintiffs' opening.    The minor plaintiff, Robert, then six years of age, with two other children went to coast on Hale Street in Boston on January 20, 1960.    Robert had never used his sled before.    It had no braking apparatus, and only the usual steering lever, which a seated coaster would operate with his feet.    Hale Street is a downgrade from south to north.    The Boston Traffic Commission had designated it as a street, "which, exclusive of the side-walks thereof, may be used for coasting on sleds and other like vehicles . . . ," and prohibited the use of motor vehicles on the street.    Two signs had been placed at each of both entrances to Hale Street, one reading, "Do Not Enter" and the other, "Caution — Coasting."    There were also "No Parking" signs on the west side of Hale Street.    Reference was also made in the opening to ordinances prohibiting: parking on the west side of Hale Street, parking on a public way unless both wheels nearer the curb are within one foot of the curb, parking in a public way so as not to leave a clear and unobstructed lane at least ten feet wide, and parking in a public way in a manner which obstructs the way.

About 2:30 P.M. on January 20, 1960, one Antonucci, who was an agent of the defendant, and who was familiar with Hale Street and the surrounding area, drove a motor vehicle owned by the defendant onto Hale Street.    Antonucci

parked the vehicle facing downhill, with its left front wheel against the curb or snowbank on the west or left side of the street. The vehicle extended out into the street, with its left rear wheel eight to ten feet from the left-hand curb. The clear space between the right rear bumper and the snowbank on the right-hand side of the street was two or three feet. Antonucci left the vehicle unattended for about two and a half hours.

Robert and his friends began coasting about 3:15 P.M. He had not seen the defendant's vehicle before starting. He was seated alone on his sled, coasting down Hale Street on the left of the other two boys. When he saw the car, he was unable to stop in time. He was unable to steer to the right because of the other two boys, and the defendant's vehicle blocked the road on the left. Robert hit the bumper of the car and slid under it.

1. The judge allowed the defendant's motion for directed verdicts because "The accident was caused by the action of the boy in coasting, intentionally or otherwise, into the automobile." In ruling on a motion for a directed verdict on the opening, the judge must take all the statements in the opening as true, and in the light most favorable to the plaintiff, and if any reasonable view of the facts and rational inferences therefrom can be deemed sufficient to support the plaintiff's cause of action, the motion must be denied. *Singarella* v. *Boston,* 342 Mass. 385, 386, and cases cited. *Joseph E. Bennett Co. Inc.* v. *Fireman's Fund Ins. Co.* 344 Mass. 99, 102–103. *Tassinari* v. *Massachusetts Turnpike Authy.* 347 Mass. 222, 223. *Rombola* v. *Cosindas,* 351 Mass. 382, 384.

The question for decision is whether the defendant's unlawful parking on Hale Street could rightly be found to have been a contributing, efficient cause of the plaintiff's injury or whether it was merely a condition which made the injury possible. *Newcomb* v. *Boston Protective Dept.* 146 Mass. 596. *Falk* v. *Finkelman,* 268 Mass. 524, 527. *Thibault* v. *Nicholas Zeo, Inc.* 301 Mass. 478. We are of opinion that the opening statement presented sufficient facts to warrant a finding of

causation. "Placing an obstacle in the path of one rightly on a public way may be found to be negligence." *Riley* v. *New England Tel. & Tel. Co.* 354 Mass. 8, 12, and cases cited. The defendant's agent ignored signs which prohibited entry into Hale Street and warned that children would use the street for sledding. He parked his vehicle on the street in such a manner as to obstruct all but a narrow portion of it. A trier of fact would be warranted in finding that the position of the defendant's vehicle, in light of the foreseeable use of the street by young children on relatively uncontrollable sleds, was a proximate cause of the accident. See *Newcomb* v. *Boston Protective Dept., supra,* at 604.

The facts in *Falk* v. *Finkelman,* 268 Mass. 524, are distinguishable. In that case it was held that the defendant was not bound to anticipate the unusual and unlikely event (a fire) which happened. 268 Mass. at 527. Here it could be found that the defendant's agent knew or should have known that children would be sledding on the street, which was specifically available for that use, and that the children might not see the vehicle until it was too late to stop.

2. The defendant argues that the directed verdict should be sustained as to count 2 of the declaration, the father's claim for consequential damages, on the ground that the date of the writ is more than two years after the accident and that the count is therefore barred by the statute of limitations, G. L. c. 260, § 4. This does not appear as the ground for the judge's ruling. In any event, G. L. c. 231, § 6A, allows a parent who has incurred medical expenses as a result of personal injuries to his minor child to be admitted as a party plaintiff "as long as the . . . minor has pending an action that has not been completely tried . . . even after a separate action by him would be barred." *King* v. *Solomon,* 323 Mass. 326, 330–331.

*Exceptions sustained.*