GLOBE DISCOUNT & FINANCE CORPORATION vs. NEW JERSEY INSURANCE COMPANY.

Suffolk. November 13, 1935. — January 28, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Insurance*, Theft. *Motor Vehicle*, Operation. *Fraud*.

An automobile owned by one but registered in another's name and driven over public ways was not insured under a policy of theft insurance excluding liability of the insurer while the automobile was "used in any . . . prohibited . . . transportation."

A policy of theft insurance upon an automobile conditioned to be void "in case of any fraud . . . or false swearing by the Assured" touching the insurance was avoided by the assured's false statement under oath to the insurer that the automobile had not been used in prohibited transportation; and on the evidence a finding was warranted that the statement also was fraudulent.

CONTRACT. Writ in the Municipal Court of the City of Boston dated April 9, 1934.

The action was heard in the Municipal Court by *Dowd, J.,* who found for the defendant. A report to the Appellate Division was ordered dismissed. The plaintiff appealed.

*J. G. Bryer,* for the plaintiff.

*S. Cohen,* for the defendant.

QUA, J. An automobile purchased and owned by one Fierro was insured by the defendant against theft under an "open" policy issued in the name of the plaintiff corporation, which had financed Fierro's purchase. The nominal plaintiff has no interest in the action, which is prosecuted solely for the benefit of Fierro as the person insured.

One of the conditions of the policy provided that the company should not be liable for loss or damage while the automobile was "used in any illicit or prohibited trade or transportation." Another condition provided that the entire policy should be void "in case of any fraud, attempted fraud, or false swearing by the Assured touching any matter

relating to this insurance or the subject thereof, whether before or after a loss." There was evidence that although Fierro owned the automobile himself, he had registered it in the name of his sister; that while it was so registered, he drove it over public ways and placed it in a "private parking place" adjacent to a theatre; and that while he was attending the theatre, it was stolen and was recovered later in a damaged condition. Thereafter Fierro filed with the defendant a sworn statement of loss wherein he made oath that during the term of the policy the automobile had not been used in any illicit or prohibited trade or transportation. The trial judge made a special finding that this was a false statement under oath, refused to rule that there was no fraud or false swearing and made a general finding for the defendant.

The evidence supports the findings. It tends to show that immediately before the loss the assured had used the automobile in transportation on public ways. It was an unregistered automobile. G. L. (Ter. Ed.) c. 90, § 2. *Pierce* v. *Hutchinson*, 241 Mass. 557, 562. Its operation on public ways was absolutely forbidden. G. L. (Ter. Ed.) c. 90, § 9. Under our decisions, the illegal element here involved was not a mere condition or attendant circumstance and so capable of being viewed apart from other elements. The operation was "unlawful in every feature and aspect of it." *Chase* v. *New York Central & Hudson River Railroad*, 208 Mass. 137, 158. *Bourne* v. *Whitman*, 209 Mass. 155, 172. *Stowe* v. *Mason*, 289 Mass. 577, 583. The journey to the theatre upon public ways was a use of the automobile in a prohibited transportation within the meaning of the policy and of the statement of loss.

The evidence may not have required, but it will support, a conclusion that the falsity in the sworn statement was more than an innocent mistake on the part of the assured. *Little* v. *Phoenix Ins. Co.* 123 Mass. 380, 386. It could have been found that he intentionally registered the automobile in his sister's name, although he knew that he owned it himself; that in the process of registration he must have become aware of the requirement that registration should

be in the name of the owner; that as he apparently knew registration was necessary, he probably also understood that proper registration had a bearing upon the subsequent right to operate; and finally that in view of the policy provisions, he thought it might be in his interest to conceal the truth. We cannot say that there was no evidence at all upon which the special finding can rest. As the special finding and the general finding, taken together, are fatal to the plaintiff's case, there is no occasion to discuss the requests for rulings in detail or to deal with other obstacles in the way of the plaintiff's recovery.

*Order dismissing report affirmed.*