ROBERT DEL SESTO *vs.* GEORGE CONDAKES & another.

Suffolk.    March 8, 1960. — June 7, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Negligence,* One owning or controlling real estate, Door.

A finding of negligence on the part of the proprietor of premises toward
a business visitor was not warranted by evidence that, as the visitor was
leaving the premises, he struck the top part of his head against the
lintel of a low open doorway whose "sides and top were outlined" by
"bright sunlight outside" and were seen by him as he approached it.

TORT.    Writ in the Superior Court dated July 12, 1955.
The action was tried before *Nagle, J.*

*Russell J. Coffin,* for the plaintiff, submitted a brief.

*Roger B. Coulter,* (*Philander S. Ratzkoff* with him,) for
the defendants.

WILLIAMS, J.    The plaintiff seeks to recover compensa-
tion for personal injuries received on June 24, 1954, by
striking his head against the lintel of a doorway on the de-
fendants' premises in South Boston.    There was a verdict
for the plaintiff and thereafter the judge entered a verdict
for the defendants under leave reserved.    The plaintiff ex-
cepted.

There was evidence that the plaintiff was a truckman and
was in the building of the defendants, who were fruit and
produce wholesalers, to inquire about the transportation of
a load of oranges.    He obtained the information which he
desired and on starting to leave asked an employee of the
defendants where he could get a drink of water.    He was
told, "On your way out, there is a water cooler on your
left."    The plaintiff had entered from the main loading
platform on the side of the building and the designated
cooler was in a corridor seven or eight feet long which led
to another loading platform on the front of the building.
After drinking, the plaintiff walked about two feet along

the corridor toward an open doorway at the edge of the platform. In going through the doorway he struck his head against the lintel and was injured. While referred to in the testimony as a doorway, the opening appears to have had no door. The plaintiff was five feet eleven inches tall and he estimated the height of the doorway to be five feet one or two inches. He struck the top part of his head. He testified, ''The corridor was dark and upon finishing his drink of water and raising his head to walk out the doorway, when the light came in the doorway, he couldn't exactly say that he knew what the height of the doorway was. It made a square of light as he looked at it three feet away —bright sunlight outside and the sides and top were outlined. He could see not only the sides of it but the top. The brilliant light outside framed that opening so that he could see and distinguish the sides and the top. As he walked through it, he was looking straight ahead and not looking at the top any more than he was looking at the side. As he was looking straight ahead he could see he was coming to a door, doorway.''

Assuming that the evidence was sufficient to warrant a finding that the plaintiff was a business visitor and was in a part of the defendants' building to which impliedly he had been invited, we think that there was no evidence from which the defendants could rightly be found to have been negligent. It was their duty to use reasonable care to keep the premises in a reasonably safe condition for his use according to their invitation, or at least to warn him against any danger attendant upon this use which was known or should have been known to them and was not known to him or obvious to any ordinarily intelligent person. *Kelley* v. *Goldberg,* 288 Mass. 79, 81. The height of the doorway was unconcealed and obvious. No warning as to its proportions was required. It was not reasonably to be anticipated that it would be a source of danger to a person exercising reasonable care. *Pastrick* v. *S. S. Kresge Co.* 288 Mass. 194, 196–197. *Rosenberg* v. *Hartman,* 313 Mass. 54, 55, and cases cited. The case falls within the class illustrated by

*Pastrick* v. *S. S. Kresge Co., supra* (stairway with Mason safety treads), *Rynn* v. *Fox-New England Theatres, Inc.* 299 Mass. 258, 260 (seats in theatre at different levels), *McGuire* v. *Valley Arena Inc.* 299 Mass. 351 (slippery floor), *Bannister* v. *Berkshire St. Ry.* 301 Mass. 598 (luggage rack in a bus), *Rosenberg* v. *Hartman, supra* (glass door), and *Valunas* v. *J. J. Newberry Co. Inc.* 336 Mass. 305 (glass door).

There was no error in entering a verdict for the defendants.

*Exceptions overruled.*