Norma TARSHIS, Plaintiff-Appellant,

v.

LAHAINA INVESTMENT CORPORATION, a Hawaii corporation, d/b/a Royal Lahaina Hotel, Defendant-Appellee.

No. 71-2725.

United States Court of Appeals, Ninth Circuit.

June 21, 1973.

Daral G. Conklin, George Y. Kimura, of Conklin & Kimura, Honolulu, Hawaii, for plaintiff-appellant.

Gary N. Hagerman, of Jenks, Kidwell, Goodsil & Anderson, Honolulu, Hawaii, for defendant-appellee.

## OPINION

Before KOELSCH, WRIGHT and TRASK, Circuit Judges.

PER CURIAM:

This appeal is from a summary judgment of dismissal awarded to Lahaina Investment Corporation, d/b/a Royal Lahaina Hotel, on the ground that no genuine issue of material fact was involved.

■ Appellant, a citizen of New York, registered with her husband at the Royal Lahaina Hotel at Kaanapali, Maui, on January 27, 1969. The Royal Lahaina with a beach frontage of 400 feet,[1] advertised in brochures that:

"[T]he Royal Lahaina Beach resort stretches along a 3-mile secluded white sand beach on the West side of the Island of Maui. . . . The sea is safe and exhilarating for swimming. . . ."

However, on the day of appellant's accident, appellee alleges that four signs were posted along the frontage of the beach, two of which read:

"CAUTION Red flag on beach indicates dangerous surf conditions. Guests please use swimming pools. Mahalo."[2]

The other two signs read:

"NOTICE to our guests, Red Flag on Beach indicates dangerous surf. Please use swimming pools. Mahalo."

The red flags (allegedly six in number) were positioned along the edge of Royal Lahaina's beach frontage, and were admittedly seen by appellant on January 28 when she, her husband and friends, went to the beach to swim in the ocean. Appellant, however, in her affidavit, stated that she did not see the signs warning of dangerous surf conditions, nor did she receive verbal warnings from appellee concerning those conditions. Noting the existence of "slight waves," appellant and her companions entered the water where, five to ten minutes later, appellant was injured as the result of being thrown on the beach by a "huge wave."

■ In granting appellee's motion for summary judgment the district court assumed, without deciding, that appellee owed appellant the duty to warn her of dangerous conditions in the Pacific Ocean along its beach frontage "which were not known to her or obvious to an ordinarily intelligent person and either were known or in the exercise of reasonable care ought to have been known to the [appellee]." We find this to be a correct statement of the law. See, e. g., Gratto v. Palangi, 154 Me. 308, 147 A.2d 455 (1958); Perkins v. Byrnes, 364 Mo. 849, 269 S.W.2d 52 (1954); see generally, Annot., 48 A.L.R.2d 104.

■ The court held, however, that the dangers inherent in swimming in the ocean on the day of the accident "should have been known to the [appellant] as an ordinarily intelligent person" and hence appellee was under no duty to warn appellant of the dangerous surf conditions.

---

1. Appellee owns only that part of the beach above the upper reaches of the wash of the waves. Application of Ashford, 50 Haw. 314, 440 P.2d 76 (1968).

2. Mahalo is a Hawaiian word, meaning "thank you."

Whether or not the ocean fronting appellee's property would have appeared dangerous to an ordinarily intelligent person is a question of fact inappropriate for summary adjudication. We have recently noted that " '[i]ssues of negligence are ordinarily not susceptible of summary adjudication'." Arney v. United States, 479 F.2d 653 (9th Cir., 1973).

Appellant contends that she observed only "slight waves," and saw nothing to indicate the powerful force exerted by some of them. Appellee presented evidence that the surf on the day of the accident was "like that usually experienced during a typical trade wind day," but came forward with nothing to show that appellee should have known that the surf was dangerous as the hotel itself cautioned in its signs.

On the basis of this evidence, appellant is entitled to present to a trier of fact her theory that the existence of the powerful, surging surf represented an unapparent, dangerous condition which appellee knew about and of which it failed to adequately warn her.

The judgment is reversed and the cause remanded to the district court.