MICHAEL J. MONTEIGA, administrator, *vs.* RICHARD FARNHAM & another. November 10, 1977. The plaintiff has appealed from judgments entered on directed verdicts for the defendants in this action for the pain and suffering and wrongful death of his wife, caused when the automobile in which she was riding came into contact with a truck owned by the defendant Farnham and operated by the defendant Heath. The most favorable evidence to the plaintiff material to the question of liability was as follows. At approximately 12:30 P.M. the vehicle, driven by Mary Provencal, in which the plaintiff's wife was a passenger,[1] was proceeding on State Highway 18/28 in Bridgewater. Mrs. Provencal noticed a flatbed truck on the right hand side of the road, approximately three quarters of a mile away. Initially, the truck appeared to be in her lane and moving, but as she drove closer she saw that the truck was stopped. The truck did not have its rear flashing lights on. It was parked so that the rear of the truck protruded between two and one-half and four feet onto the blacktop surface of the highway. At the time Route 18/28 in that area was a flat, straight surface, divided into three lanes, each twelve feet wide. There was a soft shoulder on each side of the road. The weather was clear; the road was dry and free of other traffic. The right front of the Provencal vehicle struck the left rear of the truck. Mrs. Monteiga died several hours later as the result of injuries sustained in the accident.

The evidence would not support a finding by inference or otherwise that the alleged negligence of the defendant Heath contributed in any material respect to the death of Mrs. Monteiga. Even assuming that the defendant violated a Department of Public Works parking regulation and that such a violation would constitute evidence of negligence, that negligence would be actionable only if the violation was shown to be "actually a proximate cause contributing to the injury suffered." *Leveillee* v. *Wright,* 300 Mass. 382, 387 (1938). In this case the action of the defendant Heath in parking his truck on the highway was "simply a condition and not a contributing cause of the accident." *Falk* v. *Finkelman,* 268 Mass. 524, 527-528 (1929). This case is covered by the principles set forth in such cases as *Falk* v. *Finkelman, supra,* and *Kralik* v. *LeClair,* 315 Mass. 323 (1943), rather than by *Renaud* v. *New England Transp. Co.,* 286 Mass. 39 (1934), or *Leveillee* v. *Wright, supra,* relied on by the plaintiff. The latter cases are easily distinguishable on their facts. The defendants' motions for directed verdicts were properly allowed.

*Judgments affirmed.*

*William A. Bibbo & Joseph P. Flannery* for the plaintiff.
*Arthur J. McLaughlin,* for the defendants, submitted a brief.

---

[1] The counts in the plaintiff's case against Provencal were disposed of by settlement prior to trial.