HARRY A. LAWRENCE vs. KAMCO, INC.

Norfolk. November 20, 1979. – December 28, 1979.

Present: BROWN, GREANEY, & DREBEN, JJ.

*Practice, Civil,* Directed verdict. *Negligence,* One owning or controlling real estate. *Proximate Cause.*

In an action to recover for injuries sustained by the plaintiff when he fell against a broken window in a cocktail lounge, evidence that the defendant had temporarily repaired the window by stapling cardboard to the outside was sufficient to warrant a finding of negligence. [856-857]

In an action against the owner of a cocktail lounge to recover for injuries sustained by the plaintiff when he was pushed during an argument between two other patrons of the lounge and fell against a broken window, there was sufficient evidence to warrant a finding that the defendant's failure to repair the broken window was the proximate cause of the plaintiff's injuries. [857-859]

CIVIL ACTION commenced in the Superior Court on December 19, 1975.

The case was tried before Lynch, J.

*William K. Mone* for the defendant.

*Martin S. Cosgrove* for the plaintiff.

GREANEY, J. The two issues raised in this appeal stem from a judgment entered on a jury verdict for the plaintiff. They are whether Kamco, Inc. (Kamco), was negligent in the manner in which it temporarily repaired a broken window in its cocktail lounge and, if so, whether such negligence was the proximate cause of the plaintiff's injuries, which occurred when he was pushed during an argument between two other patrons of the lounge and fell against the broken window, severely lacerating his right wrist. At the close of the evidence Kamco moved for a directed verdict, Mass.R.Civ.P.

50(a), 365 Mass. 814 (1974), which was denied by the trial judge. The jury returned a verdict in the amount of $75,000. Kamco subsequently moved for a judgment notwithstanding the verdict, Mass.R.Civ.P. 50(b), 365 Mass. 814 (1974), or in the alternative, for a new trial, Mass.R. Civ.P. 59(a), 365 Mass. 827 (1974), which were also denied by the trial judge. Kamco appeals from the judgment and from the denial of all three motions. There was no error.

We summarize the relevant evidence in the light most favorable to the plaintiff, under the often stated standard applicable to motions for directed verdicts, and to motions for judgment notwithstanding the verdict which question the sufficiency of the plaintiff's case. 9 Wright and Miller, Federal Practice and Procedure § 2524, at 541-542 (1971). *Graci* v. *Massachusetts Gas & Elec. Light Supply Co.,* 7 Mass. App. Ct. 221, 222 (1979). Such motions must be denied if "anywhere in the entire evidence [there is] any set of circumstances that will support a reasonable inference in favor of the plaintiff." *Becker's Inc.* v. *Breyare,* 361 Mass. 117, 121 (1972), quoting *Mazzaferro* v. *Dupuis,* 321 Mass. 718, 719 (1947). *Monterosso* v. *Gaudette, ante* 93, 95 (1979).

Kamco owned Kimberly's Restaurant and Lounge (the lounge) in Quincy. On December 24, 1973, Kamco's owner and principal officer arrived at its location at approximately 9:30 A.M. and discovered that a window had been broken after closing time the night before, leaving a jagged hole approximately one foot in diameter. The window was two and a half feet wide and three and a half feet long; it was located approximately two to three feet from the end of a bar in the lounge which had stools for patrons. There was also a stand-up bar in the vicinity of the window, which was in an area where patrons of the bar would normally walk. After attempting to have the window replaced,[1] the proprietor observed his cleaning

---

[1] There was evidence that the company which was called to replace the glass did not do so until December 26, 1973.

man stapling a piece of cardboard to the frame of the window on the outside of the building. That evening, around seven o'clock, the plaintiff, a journeyman plumber, went to the lounge to have a drink. The area was dimly lit, and, although he walked in the direction of the window towards the bar stools, he did not notice the window and its jagged glass. The plaintiff sat on the next to last stool at the bar with the window to his right. Three individuals seated to his left began an altercation. The plaintiff stood up to avoid being drawn into the dispute, but by that time a fight had erupted and the plaintiff was jostled or shoved backwards by one or more of the individuals. He put his right arm out to break his anticipated fall and found his hand inside the broken window, which he saw at that instant. His right wrist came in contact with the jagged glass and was severely lacerated, damaging the radial nerve (which brings feeling to the top of the hand and the thumb). His hand did not come in contact with the cardboard on the outside of the window. The night bartender testified that the incident happened very quickly, some ten or fifteen feet away from him. There had never been a fight inside the lounge before, although there had been fights outside the lounge.

1. There was sufficient evidence to send to the jury the issue of the defendant's negligence in temporarily repairing a broken window, in an area where patrons could reasonably be expected to congregate, by stapling cardboard to the *outside* of the window while doing nothing to remedy a dangerous condition caused by the broken window *inside* the lounge. "A landowner must act as a reasonable man in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk." *Mounsey* v. *Ellard,* 363 Mass. 693, 708 (1973), quoting *Smith* v. *Arbaugh's Restaurant, Inc.,* 469 F.2d 97, 100 (D.C. Cir. 1972). Whether the landowner has fulfilled this responsibility is ordinarily a question of fact. *Luz* v.

*Stop & Shop, Inc.,* 348 Mass. 198, 203-204 (1964). On the evidence in this case, it was a question for the jury to determine whether the defendant had maintained the premises in a reasonably safe condition under all the circumstances. *Monterosso* v. *Gaudette, supra* at 102.

2. The defendant argues that, in any event, its failure to repair the broken window in the lounge was not the proximate cause of the plaintiff's injury. It points to the evidence that there had never been a fight inside the lounge and that the bartender inferentially had no time to stop the fracas, as support for its position that the window constituted a mere passive condition upon which the intervention of third parties for whom it was not responsible then acted. The distinction between a cause and a condition is "now almost entirely discredited" and if it has "any validity at all, it must refer to the type of case where the forces set in operation by the defendant have come to rest in a position of apparent safety, and some new force intervenes." Prosser, Torts § 42, at 248 (4th ed. 1971). The evidence before us does not present such a case, because, if the broken window was in a dangerous condition, it remained so until its repair on December 26, 1973. On the evidence the jury could have found that the defendant's negligent acts had permitted a situation, dangerous to persons like the plaintiff, to continue without adequate warning. *West* v. *Molders Foundry Co.,* 342 Mass. 8, 12 (1961). In such circumstances the more accurate test of proximate cause has been stated by the Supreme Judicial Court in this fashion: whether "the probable consequence of [the defendant's] acts was that harm of the same general character as that which came to the plaintiff would come to persons who stood in the same general relation to the defendant as the plaintiff" and "it is not necessary to make out liability on a defendant's part that the particular series of events which ended in the [plaintiff's] injury . . . were the probable consequences of the defendant's acts." *Id.* at 12-13, quoting *Ogden* v. *Aspinwall,* 220 Mass. 100,

103 (1915). Accord, *Luz* v. *Stop & Shop, Inc., supra* at 204. Even if the defendant could not have foreseen the precise manner in which the injury occurred, "[w]here the negligent conduct of the actor creates or increases the risk of a particular harm and is a substantial factor in causing that harm, the fact that the harm is brought about through the intervention of another force does not relieve the actor of liability, except where the harm is intentionally caused by a third person and is not within the scope of the risk created by the actor's conduct." Restatement (Second) of Torts § 442B (1965). The circumstances referred to in the exception portion of the Restatement's rule just quoted apply in a situation where the intentionally tortious or criminal acts of the third parties involved are directed at causing harm to the plaintiff. Restatement (Second) of Torts § 442B, *supra,* Illustrations 7-10. There is no evidence in this case, and it has not been argued to us, that the plaintiff was the target of the scuffle or that the plaintiff was intentionally pushed or shoved by the participants in the fight so as to bring the circumstances within the Restatement's exception. The jury could have found that the possibility of someone's falling against the jagged edges of the broken glass was the type of general harm which the defendant should have foreseen. Under the Restatement's analysis of proximate cause, the particular manner in which the injury occurs (the plaintiff's being pushed by two arguing patrons) becomes immaterial because the general danger of a patron's being jostled or bumped, or of his slipping, tripping or stumbling into the window should have been foreseen by the defendant.[2]

Finally, we think the evidence was also sufficient to present a question of proximate cause as to whether an injury which occurred during an argument inside an es-

---

[2] Dean Prosser discusses cases within this causation framework under the pragmatic characterization of "foreseeable results of unforeseeable causes." Prosser, Torts § 44, at 286-289 (4th ed. 1971).

tablishment serving liquor on Christmas Eve was the result of activity foreseeable by the defendant where there had been previous altercations outside the lounge. *Martin* v. *Reis,* 344 Mass. 32, 36 (1962), and cases cited. *Randolph* v. *Five Guys from Boston, Inc.,* 354 Mass. 730, 734 (1968). Restatement (Second) of Torts § 442A (1965). In such an event, the jury could have found that repair of the window would have avoided a reasonably predictable injury.[3]

The orders denying the defendant's motions for a directed verdict, for judgment notwithstanding the verdict, and for a new trial are affirmed. The judgment is affirmed.

*So ordered.*

---

[3] The judge's instructions to the jury on the issue of proximate cause have not been reproduced in the appendix and we assume throughout that the jury received appropriate instructions on the subject.