VICTOR ANDRUSKEVICS & another *vs.* PRESIDENT AND FELLOWS OF HARVARD COLLEGE. February 10, 1982. Acting in accordance with statutory authority conferred by St. 1875, c. 185, and St. 1880, c. 144, § 1, the city of Boston acquired by eminent domain from the President and Fellows of Harvard College the area encompassing the Arnold Arboretum "for a public park." Conformably with St. 1880, c. 144, § 1, the city leased the property back to Harvard, reserving to the city the "driveways and parkways" and certain other designated areas. As to those driveways and parkways it was the duty of the city under the lease to build and maintain them. It was also the duty of the city during the lease term to "maintain a proper and sufficient police in and about the Arnold Arboretum . . . for the preservation of order and good conduct and the observance of the rules [as to which the city and Harvard were to agree] hereinafter mentioned." The lease also granted to Harvard a right-of-way over the driveways and parkways.

In view of the statutory scheme and the text of the lease, we conclude that Harvard's duties were to study, maintain and renew the botanical collection (trees, shrubs and herbaceous plants — see *Attorney Gen.* v.

*President & Fellows of Harvard College,* 350 Mass. 125, 127-128 [1966]),
at the Arboretum, while the city's duties were to provide and maintain the
means of public access and to provide security. Harvard had no duty to
enforce the rules of the parks and recreation department of the city of
Boston, which included a prohibition against bicycling in city parks. Ac-
cordingly, Harvard had no duty to provide security personnel who might,
by enforcing the rule against bicycling, have prevented the accident in
which the plaintiff, Karen Andruskevics (Karen), was injured. Karen was
hurt by a bicyclist who collided with her and knocked her down while she
was walking along a roadway. The bicyclist rode away from the scene
and was never identified.

   We do not derive the imposition of such a duty upon Harvard from the
fact that under the lease Harvard could join with the city in rule making
for the Arboretum, or from the fact that Harvard on certain occasions
(open house days) hired security personnel to protect the collection. Con-
trast *Hopkins* v. *F.W. Woolworth Co.,* 11 Mass. App. Ct. 703, 705-706
(1981), involving overlapping responsibilities by landlord and tenant, as
well as an awareness by tenant of a hazard to which its business invitees
were exposed. No similar overlapping duties result from the lease in the
instant case, under which the city had the sole duty to build, maintain,
and police the driveways and parkways. Nor did the grant of a nonexclu-
sive right-of-way by the city to Harvard impose any duty upon Harvard
to maintain and patrol those ways. Contrast *Soule* v. *Massachusetts Elec.
Co.,* 378 Mass. 177, 182 (1979), in which liability was based on an exclu-
sive easement to occupy land to maintain electrical equipment.

                                                          *Judgment affirmed.*

   *Philip J. Crowe, Jr.,* for Karen Andruskevics.
   *Jeffrey S. Stern* for the defendant.