LINDA ANNE JOHNSON *v.* CHATEAU DE VILLE, INC. June 13, 1985.
*Practice, Civil,* Summary judgment.

The plaintiff's complaint, taken together with her answers to interrogatories, alleges, among other things, that the entrance to the defendant's parking lot was negligently designed thereby creating an unreasonable risk of peril to invited guests. The accident occurred in the breakdown lane of a public highway. The vehicle in which the plaintiff was a passenger was making a left turn toward the entrance of the defendant's parking lot when it was hit on its right hand side by an oncoming car. The defendant's motion for summary judgment was allowed, and a judgment for the defendant entered.[1]

The defendant claims the judgment was correct because the defendant owes no duty of care to the plaintiff "with respect to traffic conditions" on a public highway. The defendant's argument misses the point. While the defendant has no duty as to traffic conditions on the highway, there may, in the circumstances, be a duty to design the entrance in such a way as to take those conditions into account.

The defendant also argues that the plaintiff has presented no fact to the motion judge showing the existence of a defective condition for which the defendant is responsible. Again, the defendant misconceives the issue. As the moving party, it has not met its burden of "affirmatively demonstrating that there is no genuine issue of fact on every relevant issue raised by the pleadings [or in the answers to interrogatories]. This is so even though

---

[1] The defendant suggests that we dismiss the appeal because the notices of appeal are from the order for summary judgment and from a later order for judgment under Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), rather than from the judgment itself. We decline to avoid a decision on the merits on the basis of that technicality. See *Swampscott Educ. Assn.* v. *Swampscott,* 391 Mass. 864, 865-866 (1984).

. . . [it] would have no burden if the case were to go to trial." *Attorney Gen.* v. *Bailey*, 386 Mass. 367, 371 (1982), quoting from *Mack* v. *Cape Elizabeth Sch. Bd.*, 553 F.2d 720, 722 (1st Cir. 1977). *Berrios* v. *Perchik, ante*, 930 (1985). See also *Appleby* v. *Daily Hampshire Gazette*, 395 Mass. 32, 37 (1985), and *Foley* v. *Matulewicz*, 17 Mass. App. Ct. 1004, 1005 (1984), as to the scope of summary judgment in a negligence action.

The judgment is reversed, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

The case was submitted on briefs.

*Robert E. Fox* for the plaintiff.

*James E. Grumbach, D. Alice Olsen & Robert M. Raciti* for the defendant.