JOSEPH F. POLAK & another[1] *vs.* MILDRED E. McDONALD
WHITNEY.

Middlesex.    October 15, 1985. — December 30, 1985.

Present: WARNER, KAPLAN, & FINE, JJ.

*Negligence,* Duty to warn, One owning or controlling real estate.

In an action against a homeowner whose two teenaged sons had invited a
   large number of persons to a party at their home, brought by the parents
   of a young man who had been sleeping during the party in a car parked
   by the side of the road in front of the house and who had died as a result
   of injuries sustained when a passing automobile hit the parked car, the
   judge did not err in allowing the defendant's motion for judgment not-
   withstanding the verdict, inasmuch as the homeowner had no duty to
   warn guests at the party of the dangers of parking by the side of the
   road. [351-354]

CIVIL ACTION commenced in the Superior Court on August
25, 1977.

The case was tried before *Thomas R. Morse, Jr.,* J.

*Richard K. Donahue* for the plaintiffs.

*Martin J. Newhouse* (*Kenneth W. Erickson* with him) for
the defendant.

FINE, J. On the evening of May 21, 1976, forty to fifty
young people attended a beer party to celebrate their approach-
ing graduation from high school. This litigation arises out of
the tragic aftermath of that party. The festivities took place at
the McDonald residence in North Chelmsford, located on
Tyngsboro Road (Route 3A), a State highway. The hosts were
the two teenaged sons of the defendant, Mildred E. McDonald[2],
the record owner of the property. McDonald had given her

---

[1] Dorothy Polack. Joseph F. Polak sued individually and as administrator
of the estate of Joseph D. Polak.

[2] Now Mildred E. McDonald Whitney.

sons permission to have the party, and she left them in charge when she left home during the early part of the evening.

There was room for limited parking in the driveway on the McDonald property, and there was additional parking available in a retail parking lot a short distance away. Most of the guests used one of these two locations for parking. Nevertheless, three cars were left parked in front of the house parallel to Tyngsboro Road on a shoulder[3] with their lights out. One of the three vehicles, the first in the line of three, left briefly and returned around 11:30 P.M. The driver, Frederick Schnepper, parked his vehicle again in approximately the same location parallel to Tyngsboro Road. He left the vehicle, without lights, with approximately twelve inches protruding onto the travelled portion of the road[4]. Joseph Polak, seventeen years old, remained asleep in the back seat of the car. After a short while, a vehicle, driven by one Lester Adair, came along Tyngsboro Road at a high rate of speed, left the highway, struck the third vehicle in the line of parked cars, went around the second, and struck the rear of the Schnepper vehicle in which Polak was sleeping. The Schnepper vehicle was struck with such force that it was pushed a considerable distance and demolished. The Schnepper vehicle caught fire. Polak eventually died of the injuries he received in the accident.

Suit was brought on behalf of Polak's estate against Adair, the owner of the vehicle Adair was driving, the owners of the three parked vehicles, the manufacturer of the Schnepper vehicle, and an establishment alleged to have served liquor to Adair. McDonald was also sued. A jury found liability on the part of Adair, the owner of the vehicle Adair was driving, and McDonald. A motion for judgment notwithstanding the verdict was filed by McDonald and allowed, and from that allowance the plaintiff has appealed.

---

[3] Tyngsboro Road is a two-lane road with a center line and fog lines separating the travelled portion from the shoulder. Parking on a State highway is prohibited. See 19 Code Mass. Regs., Part 10, Registry of Motor Vehicles Rules and Regulations for Driving on State Highways, art. II, § 2 (1976). See now 720 Code Mass. Regs. § 9.03 (2) (1979).

[4] The twelve-inch protrusion was not a significant factor in the accident.

In ascertaining whether the motion for judgment nothwithstanding the verdict was properly ordered, we inquire whether "anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff [against McDonald]. If any such combination of circumstances could be found it is . . . immaterial how many other combinations could have been found which would have led to conclusions adverse to the plaintiff." *Campbell* v. *Thornton,* 368 Mass. 528, 535 (1975). *Magaw* v. *Massachusetts Bay Transp. Authy., ante* 129, 132 (1985).

Under this standard, we think the judge was correct in concluding that the evidence was insufficient to justify the jury verdict. We interpret the judge's ruling to be that a sufficient causal link had not been established between the breach of McDonald's duty to her guests and the happening of the fatal accident. We would affirm the decision, however, if proper on any ground. *Ezekiel* v. *Jones Motor Co.,* 374 Mass. 382, 390 (1978). We focus our discussion, therefore, on the issue we think is dispositive: the scope of McDonald's duty of care.

McDonald, as the owner of the premises to which Polak was invited, had a duty to exercise reasonable care for his safety. *Mounsey* v. *Ellard,* 363 Mass. 693, 707-708 (1973). *Marsden* v. *Eastern Gas & Fuel Associates,* 7 Mass. App. Ct. 27, 29 (1979). *Lawrence* v. *Kamco, Inc.,* 8 Mass. App. Ct. 854, 856 (1979). Restatement (Second) of Torts § 314A (1964). This duty included an obligation on McDonald's part to maintain the premises in a reasonably safe condition and to warn her guests of any unreasonable dangers of which she was aware or should reasonably have been aware. It was a duty which did not end abruptly at the boundary line of the property over which she exercised control. *Carleton* v. *Franconia Iron & Steel Co.,* 99 Mass. 216 (1868). *Hopkins* v. *F.W. Woolworth Co.,* 11 Mass. App. Ct. 703, 706 (1981). See also *Banks* v. *Hyatt Corp.,* 722 F.2d 214 (5th Cir. 1984) (applying Louisiana law). Compare *Johnson* v. *Chateau De Ville, Inc.,* 20 Mass. App. Ct. 933 (1985). Compare also *Andruskevics* v.

*President & Fellows of Harvard College,* 13 Mass. App. Ct. 941 (1982). The extension of the duty in appropriate circumstances to conditions on adjacent property derives from the same general obligation to act reasonably to protect one's invitees from the hazards of which the owner is aware. See *Hopkins* v. *F.W. Woolworth Co., supra* at 706.

McDonald contends that the duty she owed to invitees was not so broad as to include a duty to warn them not to park along the highway. She points out, apparently correctly, that there is no precedent for the imposition of liability in these exact circumstances. That would not be dispositive, however, if, looking to established principles of the law of negligence, we were to conclude that a jury could reasonably find in the circumstances that there was a duty to warn and that a breach of that duty occurred.

There was evidence on which the jury could properly find that there was some danger to cars parked along the highway as they were at the time of the accident and that McDonald, aware of the danger, did not effectively warn her guests of it. For a definition of the exact scope of her duty in these circumstances, we look to the relationship of the parties. By giving her sons permission to extend to their group of friends the invitation to attend a party at her home, McDonald placed herself in a special relationship to those guests. The obligations she assumed were those which, considering customs and accepted social norms, one would reasonably expect her to fulfill, no more and no less. See *Irwin* v. *Ware,* 392 Mass. 745, 756 (1984). Compare *Kelly* v. *Gwinnell,* 96 N.J. 538, 542-545, 548-549 (1984). A social host, we think, would not ordinarily be expected either to provide parking for all her guests on her premises or to warn them about the risks of parking along the streets or roadways adjacent to her property. Ordinarily she would be reasonable in assuming that those of her guests who park off her property are cognizant of the risks attendant upon leaving their vehicles where they decide to park them. A person who is a licensed driver entrusted with a vehicle can be expected to have some understanding about the movement of traffic along a public highway. He should be aware that some

drivers operate carelessly and dangerously and that a collision between a car driven carelessly and a car parked on a shoulder is a possibility. As to McDonald, there was no evidence of any prior accident or any other circumstance on the basis of which the jury could conclude that she possessed knowledge about the potential danger superior to that of the guests. What danger there was arose out of the location of the residence, not from any specific conduct of the host, such as providing liquor (see *Kelly* v. *Gwinnell,* 96 N.J. at 548-550), or from any defect, let alone a hidden defect or concealed danger (see *Carleton* v. *Franconia Iron & Steel Co.,* 99 Mass. at 218-220; *Tarshis* v. *Lahaina Inv. Corp.,* 480 F. 2d 1019 [9th Cir. 1973]).

If a risk is of such a nature that it would be obvious to persons of average intelligence, there is, ordinarily, no duty on the part of the property owner to warn of the risk. *Letiecq* v. *Denholm & McKay Co.,* 328 Mass. 120, 123 (1951). See *Greenfield* v. *Freedman,* 328 Mass. 272, 274-275 (1952); *Underhill* v. *Shactman,* 337 Mass. 730, 735 (1958); *DelSesto* v. *Condakes,* 341 Mass. 146, 147-148 (1960); *Clough* v. *New England Tel. & Tel. Co.,* 342 Mass. 31, 35-36 (1961); *Tarshis* v. *Lahaina Inv. Corp.,* 480 F.2d at 1020; Restatement (Second) of Torts § 342 (1964).

We think that whatever danger was created by the parking of cars adjacent to the highway ought to have been so obvious to the ordinary person that McDonald, in the exercise of reasonable care, was not required to warn her guests of that danger. True, the guests were young, mostly in their late teens and, arguably, not fully conscious of all the dangers that were present. See *Mullins* v. *Pine Manor College,* 389 Mass. 47, 52 (1983). Those who would be parking, however, were licensed drivers, presumably, with vehicles entrusted to their care. If there was no duty to warn those who were parking cars, there certainly was no duty to warn their potential passengers. It was most unlikely that someone, not the driver, would remain in a car asleep for any substantial period. It would be unduly stretching negligence concepts to say that McDonald, as owner of the property, ought to have anticipated that anyone would suffer personal injuries if she did not give an effective warning

not to park along the road. Although issues of negligence are ordinarily for the jury, see *Mullins* v. *Pine Manor College,* 389 Mass. at 56, in these circumstances no reasonable jury could find that McDonald had a duty which she failed to fulfill.

*Judgment affirmed.*