EMILY CURTIN & others[1] *vs.* WILLIE WIGGINS & another.[2] No. 92-P-603. March 11, 1994. *Negligence*, Proximate cause, Motor vehicle. *Proximate Cause. Motor Vehicle.*

The plaintiff was seriously injured when her car collided with a van that had been abandoned in the northbound truck lane on Route 24 in Brockton. The defendant Wiggins had left the van there two days earlier after it had stalled on the incline and would not start. The plaintiff brought this action against Wiggins and the dealership that had serviced the van. The jury returned verdicts for the defendants, and the judge denied the plaintiffs' motions for judgments notwithstanding the verdicts and for a new trial. On appeal, the plaintiffs claim error in the judge's jury instructions on causation. Although we see no error in respect to the verdict for the defendant dealership, whose alleged negligence was too remote to have been a contributing cause of the collision, we conclude that the instructions by which the jury had to determine whether Wiggins had any responsibility for the collision were too confusing to allow that verdict to stand.

1. *The evidence.* There was evidence to show that on Friday morning of the 1989 Labor Day weekend, Wiggins reclaimed his van from Earl Chevrolet. The van had been repaired by Earl Chevrolet numerous times in August for the same complaint — when accelerated, it would stall. The same night, Friday, Wiggins entered the northbound lane of Route 24 in Brockton, using the Route 123 entrance. That entrance spilled traffic onto a lane designated for trucks that were forced by the incline to travel at a slower speed than other vehicles. As Wiggins accelerated the van to take the incline, it began to lose power and finally stalled. After several attempts to start the van, Wiggins gave up, got out of the van, and locked the doors. Although there was a grassy area and a guard rail to the right of the truck lane, Wiggins left the van where it had stopped.

Sunday evening of that same weekend, the plaintiff came off the Route 123 entrance and onto Route 24. She tried to merge left, from the truck lane into the right travel lane, but a teenage driver was "tracking" or "shadowing" her, keeping her in the truck lane by increasing and decreasing his speed to stay abreast of her. The plaintiff, watching the car to her left and the traffic ahead, saw the van but believed it was a slow-moving

\

---

[1] Emily Curtin's husband and minor children.
[2] Earl Chevrolet.

vehicle. When she realized that the van was in fact stationary, she applied her brakes but could not stop in time to avoid the collision.

2. *The jury instructions.* After charging the jury on proximate, intervening, and superseding causes, the judge went on to instruct on the distinction between "cause" and "condition."

"A condition is a circumstance under which a cause operates. It is not a cause. Liability may not be predicated on a condition. Negligence which is merely a condition and not the cause of a collision between two vehicles cannot be the basis of an action for negligence. If you find that the action of the defendant Wiggins, in parking his van in the truck lane, was simply a condition and not a contributing cause of the accident, then you can find for the defendant Wiggins."

Objection to the instruction was made on the basis that the distinction had been made irrelevant by G. L. c. 231, § 85, the so-called comparative negligence statute. After about two hours of deliberation, the jury returned, seeking a definition of "superseding conditions." The judge responded by giving his earlier instructions on superseding and intervening causes and the difference between "cause" and "condition." The plaintiffs renewed their objection. On the afternoon of the second day of deliberations, the jury asked the judge whether "cause" and "condition" were mutually exclusive and requested that he give a "clarifying example" that would distinguish between them. The example given by the judge concerned a speeding driver who collides with a car that does not have a safety inspection sticker. The judge pointed out that although the failure to have a sticker was a violation of the law it was a violation that "was in no way a substantial factor in the happening of the accident." He instructed the jury that "you must find that the activities of an individual or an entity played a substantial part in bringing about the injuries that are complained of." He also informed them that "cause" and "condition" were mutually exclusive terms. Several minutes after receiving these instructions, the jury returned with their answers to special questions: Willie Wiggins and Earl Chevrolet were negligent, their negligence was not the proximate cause of the plaintiff's injuries, the plaintiff was 100% negligent, and her negligence was the proximate cause of her injuries.

3. *Discussion.* We need not consider the instructions on the basis of the objection stated at trial and argued on appeal by the plaintiffs, that principles of comparative negligence make it unncessary for a jury to be informed about the distinction between a "cause" and a "condition." Our conclusion rests upon the ground that the instructions were confusing. It is all too possible that, on the judge's instructions, the jury did not even consider whether Wiggins's negligence was a cause of the accident because they determined that the presence of the van in the truck lane was a condition. "The distinction between a cause and a condition is 'now almost en-

tirely discredited' and if it has 'any validity at all, it must refer to the type of case where the forces set in operation by the defendant have come to rest in a position of apparent safety, and some new force intervenes.' Prosser, Torts § 42, at 248 (4th ed. 1971)." *Lawrence* v. *Kamco, Inc.*, 8 Mass. App. Ct. 854, 857 (1979). To emphasize, "it is not the distinction between 'cause' and 'condition' which is important, but the nature of the risk and the character of the intervening cause." Prosser and Keaton, Torts § 42, at 278 (5th ed. 1984). It was inappropriate in the circumstances of this case to put the issue of "condition" to the jury. Their confusion was apparent from their questions. By its very definition, a condition is a factor that no reasonable jury could find to be a proximate cause of the injuries alleged. See *Falk* v. *Finkelman*, 268 Mass. 524, 527-528 (1929); *Kralik* v. *LeClair*, 315 Mass. 323, 328 (1943); *Monteiga* v. *Farnham*, 5 Mass. App. Ct. 888 (1977). Compare *Renaud* v. *New England Transp. Co.*, 286 Mass. 39, 42-44 (1934); *Leveillee* v. *Wright*, 300 Mass. 382, 387-389 (1938).

The judgment for the defendant Earl Chevrolet is affirmed. The judgment for the defendant Willie Wiggins is reversed, and the matter is remanded to the Superior Court for further proceedings.

*So ordered.*

*Marylin A. Beck* for the plaintiffs.
*Mary Holland Harvey* for Willie Wiggins.
*Kevin Truland* for Earl Chevrolet.