Bohn, J.
INTRODUCTION
On July 25, 1994, the plaintiff, Denise Mailloux, filed a civil action against the defendants, Rusen Atiniz (“Mr. Atiniz”), in his capacity as Trustee of the Fresh Pond Shopping Center Trust, and Gary L. Sanderson (“Mr. Sanderson”), in his capacity as General Partner of Sherman Associates. In her complaint, the plaintiff claims that the defendants were negligent in failing to erect a fence to prevent access to train tracks which ran adjacent to the defendants’ property line and in failing to post adequate warnings about oncoming trains. Mr. Sanderson now moves for summary judgment claiming that the plaintiff has failed to establish that he owed her a duty of care, that he breached that duly of care and that the plaintiffs injuries were caused by his breach of the duty of care. For the reasons set forth below, the defendant’s motion for summary judgment will be allowed.
On the afternoon of October 26, 1991, the plaintiff met a friend, Kevin Callahan (“Mr. Callahan”), in Central Square in Cambridge, Massachusetts. The two decided to take a bus to 402 Rindge Avenue in Cambridge to visit a friend who lived in the Rindge Towers apartment complex. Rindge Towers is owned by Sherman Associates and is comprised of three twenly-two story buildings.
While at the apartment, the plaintiff consumed several vodka drinks with her two friends. Later, the plaintiff and Mr. Callahan decided to purchase additional bottles of vodka from a liquor store located in the nearby Fresh Pond Shopping Center.
The Fresh Pond Shopping Center is located on property adjacent to Rindge Towers. There are two sets of train tracks running between the two properties. Some time in the past, Rindge Towers erected a chain link fence along its property line bordering the train tracks, and posted warning signs along the fence. Oftentimes, however, people have been known to cut holes in the fence to allow access to and across the tracks as a shortcut to the Fresh Pond Shopping Center. Sherman Associates has made continuous efforts to repair the holes in the fence.
On the evening giving rise to the present complaint, the plaintiff and Mr. Callahan left 402 Rindge Avenue and proceeded to walk through a hole in the fence onto an unpaved path and over the train tracks to the Fresh Pond Shopping Center. After Mr. Callahan had purchased vodka, the two began to walk back to Rindge Towers. As the plaintiff was crossing the train tracks, but before she had reentered the Rindge Avenue property, she was hit by a passing train.
DISCUSSION
Mr. Sanderson argues that the plaintiffs complaint should be dismissed because she has failed to establish that he owed her a duty of care, that he breached that duty of care and that her injuries were caused by his breach of the duty of care. The plaintiff argues, however, that because Mr. Sanderson knew about the dangerous use of the railroad tracks by pedestrians to travel between Rindge Towers and the Fresh Pond Shopping Center, he owed her a duty of care to build a fence that would impede her ability as well as the ability of others to access the train tracks. Furthermore, the plaintiff contends that Mr. Sanderson had a duty to warn her and others about the oncoming trains.
*128 Summary judgment may be granted where there are no genuine issues of material fact and where the record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The nonmoving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) citing Celotex v. Catrett, 477 U.S. 317, 322 (1986).
In any negligence cause of action, there are four elements on which the plaintiff must adduce adequate evidence to prevail. Jorgensen v. Massachusetts Port Authority, 905 F.2d 515, 522 (1st Cir. 1990). The plaintiff must show: (1) a legal duty owed by defendant to plaintiff; (2) a breach of that duty; (3) proximate or legal cause; and (4) actual damage or injury. Id. See also Mounsey v. Ellard, 363 Mass. 693, 695 (1973). Stated differently, there can be negligence only where there is a duty to be careful, Flattery v. Gregory, 397 Mass. 143, 145 (1986); Theriault v. Pierce, 307 Mass. 532, 533 (1940); and, although negligence questions involving issues of what is reasonably foreseeable are ordinarily left to the jury, there are instances in which no rational view of the evidence would warrant a finding of negligence and the judge may decide them as matter of law. Glick v. Prince Italian Foods of Saugus, Inc., 25 Mass.App.Ct. 901, 902 (1987) citing Luz v. Stop & Shop, Inc., 348 Mass. 198, 203-04 (1964); Mullins v. Pine Manor College, 389 Mass. 47, 56 (1983). As a general rule, a private landowner owes a duty of reasonable care to protect lawful entrants against foreseeable dangers on adjacent property, Tryon v. Lowell, 29 Mass.App.Ct. 720, 722 (1991) citing Polak v. Whitney, 21 Mass.App.Ct. 349, 351-52 (1985); however, if a risk is of such a nature that it would be obvious to persons of average intelligence, there is, ordinarily, no duty on the part of the properly owner to warn of that risk. Polak v. Whitney, supra at 353 (citations omitted).
In the case of Gage v. Westfield, 26 Mass.App.Ct. 681, 684 (1988), which is particularly analogous to the present case, two teenagers, who had left a playground owned by the City of Westfield (“Westfield”), crossed a trestle bridge onto the train tracks where they were struck and killed by a passing train. The administrators of the decedents’ estates brought actions for wrongful death and conscious pain and suffering against Westfield, Conrail, and the engineer who had been operating the train at the time of the accident. Id. at 683. The plaintiffs alleged that Westfield, as owners of the playground and adjacent property, were negligent in failing to erect a fence or barrier which prevented access to the railroad trestle, to post warning signs on its property, or to provide police to patrol the area. Id. at 684. In its decision to affirm the trial judge’s order for summary judgment in the defendants’ favor, the Appeals Court recognized the general principal that a landowner owes a duty of reasonable care to protect entrants from known dangers on adjacent property. Id. at 685. The court went on to state that:
Given the obviousness of the danger here, however, we doubt that a private landowner in the position of the city would be liable to one in the position of either of the plaintiffs’ decedents. Certainly, not every land owner with property abutting railroad tracks ought to be required to erect fences or barriers, to post warning signs, or to provide other protection, such as police patrols, with the goal of keeping people away from those tracks.
Id. The court concluded that:
The potential danger to youths using the trestle bridge as a shortcut to neighborhoods across the river had existed for years. [The teenagers] had a chance to protect themselves from a danger which was obvious. In these circumstances, [Westfield] is a not liable for the harm that befell the youths.
Id. at 687-88.
In the present case, the plaintiff was struck by a train as she was returning to the Rindge Towers after accompanying a friend to the Fresh Pond Shopping Center. Since the danger of being struck by a train would be obvious to persons of average intelligence, Mr. Sanderson did not owe the plaintiff a duly of care to protect her from being hit by a train travelling on the adjacent property.[3] Therefore, the court concludes that Mr. Sanderson cannot be held liable for the plaintiffs injuries and the defendant’s motion for summary judgment will be allowed.[4]
ORDER
For the above stated reasons, it is hereby ORDERED that the motion of defendant Gary L. Sander-son for summary judgment is ALLOWED.

 Even if the court were to find that Mr. Sanderson owed the plaintiff a reasonable duty of care, the court is satisfied that Mr. Sanderson met that duty by erecting a fence, posting warning signs and repairing holes in the fence. See deposition of George P. Langlois, attached to plaintiffs opposition as exhibit E. To hold Mr. Sanderson to a higher duty of care would be too onerous of a duty to impose upon a landowner.

 Since the court concludes that the defendant did not owe a duty of care to the plaintiff, the court need not address the issues of breach and causation.