**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-2561

MARTHA and PAUL HARTEL,
Plaintiffs, Appellants,

v.

UNITED STATES OF AMERICA,
Defendant, Appellee.

---

D&D ENTERPRISES, INC. and MCKINNELL, MCKINNELL AND TAYLOR, INC.,
Defendants.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
[Hon. Nancy Gertner, U.S. District Judge]

---

Before

Torruella, Circuit Judge,
Hill,[*] Senior Circuit Judge,
and Howard, Circuit Judge.

---

James M. Burke, with whom Law Offices of James M. Burke was on brief, for appellants.
    Mark J. Grady, Assistant United States Attorney, with whom Michael J. Sullivan, United States Attorney, were on brief, for appellee.

---

July 20, 2005

---

[*]  Of the Eleventh Circuit, sitting by designation.

**Per Curiam**.  This is a tort action against the United States pursuant to the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2780, in accordance with which "[t]he United States shall be liable, respecting . . . tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ."  The district court granted summary judgment in favor of the United States, and plaintiffs Martha and Paul Hartel appeal therefrom.  For the reasons stated in this opinion we affirm the decision of the district court.

Summary judgment is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Review of a grant of summary judgment is de novo, with the reviewing court looking at "the record and ask[ing] if a fact finder could rationally reach a different conclusion from that of the [district] court." Nicolo v. Phillip Morris Inc., 201 F.3d 29, 33 (1st Cir. 2000). The evidence is viewed in the light most favorable to the nonmoving party.  Id.  Massachusetts negligence law is the substantive law that governs this case.  Goldman v. United States, 790 F.3d 181, 183 (1st Cir. 1986).

The questions raised by the Hartels on appeal require us to first determine whether the district court relied on any material fact genuinely in controversy in reaching its decision.

The material facts found by the district court are as follows. The United States Postal Service ("USPS") operates a post office in Falmouth, Massachusetts. On or about September 1995, as part of a renovation project of the premises, the USPS installed new ornamental rails at the front entrance to the building, adjacent to which were also installed railings for persons with disabilities. As stated by the district court:

> The ornamental handrail was the taller of the
> two and ended at the last tread on the stairs.
> The handicap handrail extended approximately
> two feet beyond the ornamental handrail. Both
> handrails were painted black.

Hartel v. United States, No. 02-10101, slip op. at 4 (D. Mass. Oct. 12, 2004). This description accurately depicts the handrails shown in the photographs submitted with the United States' motion for summary judgment, which Mrs. Hartel agreed depict the site accurately. See id. at 9, n.3. These photographs show that the handrails appear open to the public view to anyone who transits the sidewalk or the stairway leading into the post office, or enters the stairway from the adjacent flagstone path.

On June 25, 1999, Mrs. Hartel visited the Falmouth Post Office, as she had done on at least twenty occasions in the year prior to that date. On at least ten of those occasions, she had walked in and out of the post office entrance, using the stairway where the two sets of railings were located. On the other ten occasions she walked within fifteen feet of this area to free-

standing mailboxes.  Although Mrs. Hartel was "sure [she] did"
notice that additional handrails had been installed, she did not
"consciously think about it."  Id. at 5.

On the day in question, after entering the post office
building following a path up the middle of the renovated stairway,
Mrs. Hartel mailed some letters, and left down the same stairway
carrying approximately twenty legal and standard sized envelopes,
which she held with both hands. As she got to the end of the higher
ornamental handrail, Mrs. Hartel testified, she was not aware of
the lower handicap rail.  As she turned right from the stairway she
fell.  After falling to the ground, Mrs. Hartel turned and saw that
the handicap handrail extended beyond the ornamental hand rail and,
thus, concluded that she had fallen over the handicap handrail.  As
a result of the fall, Mrs. Hartel suffered serious injuries,
breaking a hip and having to undergo two operations.

The above facts[1] are sufficient to sustain the ruling of
the district court which is based on settled Massachusetts law
regarding open and obvious conditions.  See O'Sullivan v. Shaw, 420
Mass. 201, 204-06 (Mass. 2000)("[I]t is well established in our law
of negligence that a land owner's duty to protect lawful visitors

---

[1]  The "disputed facts" limned at pages 20-21 of appellant's brief
are simply insubstantial and irrelevant to the district court's
ruling.  A fact is "material" if it "has the potential to alter the
outcome of the suit under governing law if the dispute over it is
resolved favorably to the nonmovant."  Smith v. F.W. Morse & Co.,
76 F.3d 413, 428 (1st Cir. 1996).  None of the "disputed facts"
alleged by appellant fit the bill.

against dangerous conditions on his property ordinarily does not extend to dangers that would be obvious to persons of average intelligence."); Toubiana v. Priestly, 402 Mass. 84, 89 (Mass. 1988) ("Ordinarily, a landowner has no duty to protect lawful visitors on his property from risks that would be obvious to persons of average intelligence.").

Both handrails, in whatever condition they were in, were obviously apparent to any passerby and thus, the land owner is relieved of any duty of care as to risks arising therefrom. In the case of such obvious conditions there is neither a duty to warn nor to maintain a safe premise because there is simply no duty of care. O'Sullivan, 420 Mass. at 206 ("the open and obvious danger rule . . . operates to negate the existence of a duty of care"); see also id. at 204 (finding no duty to "protect" visitors against obvious danger of diving into shallow end of swimming pool); Toubiana, 402 Mass. at 88-89 (noting duty to maintain elevator in safe condition, but finding no duty to "protect" passenger from obvious danger of using elevator to transport tall items protruding through carriage ceiling). Nor is the "open and obvious" doctrine limited to only inherently dangerous conditions, as is claimed by appellants. See, e.g., Toubiana, 402 Mass. 84 (riding an elevator); Young v. Atlantic Richfield Co., 400 Mass. 837 (1987) (filling one's gas tank); Del Sesto v. Condakes, 341 Mass. 146 (Mass. 1960) (walking through a doorway); Polak v. Whitney, 21

Mass. App. Ct. 349 (Mass. App. Ct. 1985) (parking a car in the street).

The opinion of the district court is affirmed.

**<u>Affirmed</u>**.