NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVE PELL; et al., | No. 19-16912 |
| Plaintiffs-Appellants, | D.C. No. 1:17-cv-00529-DKW-KJM |
| v. | |
| HMC KEA LANI, LP; CCFH MAUI LLC, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted July 10, 2020**
Honolulu, Hawaii

Before: OWENS, FRIEDLAND, and R. NELSON, Circuit Judges.

Plaintiffs-Appellants ("Pell") brought this diversity action against

Defendants-Appellees ("Defendants") to recover damages for negligence. Pell

alleges Defendants failed to warn him about unreasonably dangerous conditions

during his stay at Defendants' Fairmont Kea Lani Resort. Pell alleges that as a

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

result of this failure, he suffered a paralyzing injury while boogie boarding in the water fronting the Fairmont Kea Lani Resort. The district court granted summary judgment to Defendants, primarily because Defendants satisfied their duty to warn Pell of the hazardous ocean conditions. Because the parties are familiar with the facts of this case, we do not repeat them here. We have jurisdiction, and we affirm.

On appeal, Pell first contends that the district court erred by failing to apply this Court's decision in *Tarshis v. Lahaina Inv. Corp.*, 480 F.2d 1019 (9th Cir. 1973). In *Tarshis*, we reversed the district court's grant of summary judgment to a Hawaii hotel on the basis that the hotel had no duty to warn guests about dangerous ocean conditions that should have been known to a person of ordinary intelligence. *Id*. at 1020–21. Notably, the plaintiff-guest alleged that she *had not seen* the warning signs posted by the hotel or received verbal warnings about the surf conditions. *Id*. at 1020. We held that the question whether a guest of ordinary intelligence would have known that the surf conditions were hazardous was a question for the finder of fact. *Id*. at 1021.

At the time we issued *Tarshis*, liability for failure to warn about ocean conditions was governed solely by common law negligence standards. That is no longer the case. In 1994 Hawaii enacted a statute, Hawaii Revised Statutes § 486K-5.5, which sets forth a hotel's liability for injuries sustained due to

2

hazardous conditions on a public beach or in the ocean, including injuries sustained from boogie boarding.[1] Section 486K-5.5 imposes liability on a hotel only when it has failed to warn of such conditions and where the hotel knew, or should have known, of such conditions and the guest did not know of the hazardous conditions or those conditions would not have been known to a reasonably prudent guest. In the present case, the district court held that there was no genuine dispute of material fact as to whether the Defendants satisfied their duty to warn pursuant to § 486K-5.5 or under *Tarshis*. We agree.

Under either § 486K-5.5 or *Tarshis*, the central question is whether or not

---

[1]    In full, § 486K-5.5 provides:

> In a claim alleging injury or loss on account of a hazardous condition on a beach or in the ocean, a hotelkeeper shall be liable to a hotel guest for damages for personal injury, death, property damage, or other loss resulting from the hotel guest going onto the beach or into the ocean for a recreational purpose, including wading, swimming, surfing, body surfing, boogie boarding, diving, or snorkeling, only when such loss or injury is caused by the hotelkeeper's failure to warn against a hazardous condition on a beach or in the ocean, known, or which should have been known to a reasonably prudent hotelkeeper, and when the hazardous condition is not known to the guest or would not have been known to a reasonably prudent guest. A hotelkeeper owes no duty and shall have no liability for conditions which were not created by the hotel to a person who is not a guest of the hotel for injury or damage resulting from any beach or ocean activity.

As used in this section, "beach" means the beach fronting the hotel, and "hotel guest" means a guest of that particular hotel and other persons occupying the assigned rooms.

3

Pell knew, or whether a reasonably prudent guest would have known, about the hazardous ocean conditions that caused his injuries. Assuming all facts in the light most favorable to Pell, the undisputed facts demonstrated that Pell knew about the hazardous ocean conditions, including the dangers of boogie boarding in a dangerous shore break. Specifically, Pell had asked a hotel employee about renting a boogie board, but was denied because there was a high surf warning in effect at the time. In addition, the hotel had posted—and Pell saw and read—a red flag warning of high surf, as well as a warning sign at the beach that warned of high surf, dangerous shore break, and that "[e]ntering the ocean can be dangerous at any time." After observing the surf conditions for himself, Pell borrowed a boogie board from a beachgoer, and was then injured when he was "thrown" off of the board by a wave.

The undisputed facts show Defendants' satisfied the requirements of both § 486K-5.5 and *Tarshis*. There is no genuine dispute of material fact as to whether Pell was adequately warned by Defendants of the hazardous ocean conditions.

Pell's remaining arguments are equally unpersuasive. The fact that the hotel was flying a red flag, which warns of high surf conditions, does not prove that this was the only dangerous surf condition that the hotel warned Pell about. The warning sign, which Pell read, expressly warned about a variety of ocean hazards, including the dangerous shore break which ultimately caused Pell's injury. Pell's

4

conduct and credibility are both irrelevant, because the key issue is whether Defendants-Appellees satisfied their duty to warn under either § 486K-5.5 or *Tarshis*. We therefore find that the district correctly granted summary judgment to Defendants-Appellees because the undisputed facts demonstrate that they had satisfied their duty to warn Pell regarding the dangerous surf conditions. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**AFFIRMED.**